# LETTER OF INTENT TO SUE

Date: July 20, 2023

TO: ANCHORAGE POLICE DEPARTMENT
MUNICIPALITY OF ANCHORAGE
MAYOR BRONSON
FEDERAL COURTHOUSE

RE: LETTER OF INTENT TO SUE ANCHORAGE POLICE DEPARTMENT, THE MUNICIPALITY OF ANCHORAGE, MAYOR BRONSON, ANCHORAGE TRAFFIC COURT JUDGE

This **Letter of Intent to Sue** shall hereby be considered formal notice that Brenda L. Boudreau intends to file a lawsuit against the Anchorage Police Department, Municipality of Anchorage, and Mayor Bronson for acting **under the color of law** against Brenda L. Boudreau's civil and constitutional rights on many occasions and if the settlement demands set out in this letter are not corrected and met, this will proceed to a lengthy investigation and lengthy litigation which will be followed by a jury trial to decide the settlement.

This letter is an attempt to compensate Brenda L. Boudreau, hereinafter referred to as Ms. Boudreau, for all the illegal and costly monetary damages she has incurred due to the illegal and unjust harassment by Anchorage Police Department, hereinafter referred to as "APD" and potentially serious, repercussions of APD's actions and to provide an opportunity to resolve this matter short of extensive discovery and costly litigation. Factual Background related to Ms. Boudreau's lengthy harassment and illegal weaponization of APD against Ms. Boudreau's Constitutional and Civil Rights are listed in detail below.

The lawsuit that will be filed against APD pertains to the following illegal and unlawful actions by the Anchorage Police Department against Ms. Boudreau that have proven to be ongoing and are compounding her financial damages with each illegal and planned action **under the color of law** to officially oppress, harass, and willfully deprive or conspire to deprive Ms. Boudreau of her rights that are protected by the Constitution and laws of the UNITED STATES 18 USC § 241, 242: Excessive Force, Sexual Misconduct, False Reports, False Charges, Intentional False Arrests, Theft of Ms. Boudreau's vehicles, resulting in loss of liberty to Ms. Boudreau, discriminatory harassment, unlawful searches and seizures and arrests.

Qualified Immunity will not protect the APD Officers since their conduct violated Ms. Boudreau's Constitutional Rights and were stated by Ms. Boudreau and her passenger as viewed in a video Ms. Boudreau took of APD violently shattering her drivers window after Ms. Boudreau and her passenger both repeatedly stated to several of the APD officers that she committed no crime during of traffic stop for having snow on her license plate while it was snowing in Alaska at night. Stopping to clear a license plate at night while snowing is simply unreasonable and unsafe to ask of any traveler. Ms. Boudreau has been targeted and surrounded by law enforcement 5 times in the last year and a half. The latest incident in which her 14th Amendment Rights were violated blatantly by APD occurred on January 19, 2023, Case No. 3AN-23-01329CR, and the fact that APD acted against & violated Ms. Boudreau's 14th Amendment Rights was validated at the arraignment dated Monday, April 10, 2023 at 9 a.m. when the State of Alaska declined APD's charging document stating Ms. Boudreau committed NO CRIME.

1) 14th Amendment Rights

Federal Criminal Statute that enforces Constitutional limits on conduct by law enforcement officers is 18 U.S.C. § 242. Section 242 provides in relevant part: "Whoever, under color of any law, ...willfully subjects any person...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States [shall be guilty of a crime]."

Section 242 is intended to "protect all persons in the United States in their civil rights, and furnish the means of their vindication." Screws v. United States, 325 U.S. 91, 98 (1945) (quoting legislative history).
APD DID:
Violate § 242 beyond a reasonable doubt:

(1) that the APD deprived Ms. Boudreau of a right protected by the Constitution or laws of the United States, (2) that the defendant acted willfully, and
(3) that the APD was acting under color of law.

A violation of § 242 is a felony if one of the following conditions is met:

(1) APD used, attempted to use, or threatened to use a dangerous weapon, explosive or fire.

Fact: APD shattered Ms. Boudreau's driver's side window illegally since Ms. Boudreau was pulled over for having snow on her license plate which is not a crime. Ms. Boudreau gave APD her name which Alaska is NOT A stop and ID state and she had committed no crime. The

State of Alaska validated this fact by declining APD's charging document and stated at the arraignment for Case No. 3AN-23-01329CR.

Establishing the intent behind a Constitutional violation requires proof beyond a reasonable doubt that the law enforcement officers knew what they were doing was wrong and against the law and decided to do it anyway.

Ms. Boudreau stated along with her passenger, that having snow on her license plate didn't constitute a crime and she provided them her name right before they violently shattered her drivers window while she was sitting by it. Ms. Boudreau stated over and over again along with her passenger that she did not commit a crime that constituted more than providing her name.

Therefore, Ms. Boudreau's Constitutional right was violated, § 242 and all present law enforcement officers, which were more than 4, intended to engage in the unlawful conduct and that he/she did so knowing that it was wrong or unlawful. See Screws v. United States, 325 U.S. 91, 101-107 (1945).

This incident also included illegal actions by APD that includes:

2) Official Oppression

APD used despicable conduct that subjected Ms. Boudreau to cruel and unjust hardship in conscious disregard of her personal rights. (See also Fraud)


3) Fraud

Charging Ms. Boudreau with any violation or crime after an illegal search and seizure is fraudulent. Also, an intentional misrepresentation, deceit or concealment of a material fact known to APD thereby depriving Ms. Boudreau of property or legal rights and causing monetary injury. The right to life, liberty and the pursuit of happiness. 3 traffic tickets were processed through the Traffic Court and the Judge found Ms. Boudreau guilty of 3 charges stating Ms. Boudreau failed to show up or respond when Ms. Boudreau was found innocent in Criminal Court at the arraignment for Case No. 3AN-23-01329CR. Ms. Boudreau was never notified nor served with any court appearance documents for these traffic violations which were processed and sent to collections without her knowledge. There was insurance on the 2000 GMC Pickup she was driving, which the registered owner, Kenneth Daugherty paid to get out of Police Impound showing his insurance. Thus, false reports and fined and fraudulent convictions through the Anchorage Traffic Court for the 3 following:

Case No: 3AN-23-03469MO File Date 4/18/2023 Minor Offense - Obscured, Tinted/Dirty License Plate - ...$190.00
Case No. 3AN-23-03470MO File Date 4/18/2023 Minor Offense - Driving w/out Proof of

Insurance - ..........$590.00
Case No. 3AN-23-03471MO File Date 4/18/2023 Minor Offense - Failure To Obey - ...................................$340.00
............................................................................................................................................
............................$1120.00

Also previously in May of 2022:
The below 3 tickets were correctable from the May 22, 2022 traffic stop, and the court ruled Ms. Boudreau failed to respond
when in fact she DID send in proof of insurance to correct 3AN-22-09444MO and even received an AUTO-REPLY from the
Anchorage Traffic Court for sending in her proof of insurance:

3AN-22-09444MO File Date 7/19/2022 - Driving w/out Proof of Insurance - ..................................................$590.00
3AN-22-09445MO File Date 7/19/2022 - Vehicle to be Licensed - ............................................................$190.00
3AN-22-09442MO File Date 7/19/2022 - Failure to Properly Use Safety Device - ........................................$150.00
............................................................................................................................................
............................$930.00

The 3 tickets above were falsely stated that Ms. Boudreau did not respond to these correctable tickets in which she had responded on July 23, 2022 by sending in proof of insurance and since the vehicle she was purchasing from a friend was impounded and Ms. Boudreau lost her job after APD impounded it, she no longer had possession of the vehicle. Ms. Boudreau received the auto-reply from Anchorage Traffic Court email stating they received her email. This is another fraudulent conviction on the side of the Traffic Court Judge by claiming Ms. Boudreau didn't respond. See attached screen shot of auto-reply and email.

............................................................................................................................................
....................................TOTAL: $2050.00

This total amount owed which has been unjustly applied to Ms. Boudreau's court case records has subjected her to fall under and to impose the SCOFFLAW onto Ms. Boudreau when she received a GUILTY conviction for false accusations that she did not respond and the top 3 were after an illegal search and seizure by APD violating her 14th Amendment rights. Ms. Boudreau's 14th Amendment rights violation during APD's MISCONDUCT also proves HARASSMENT, OFFICIAL OPPRESSION, FRAUD, APD MISCONDUCT along with the Anchorage Traffic Court Judge ruling on these illegal charges finding her guilty when Ms. Boudreau committed no crime to warrant any further action.

> 4) Excessive Force
Seizing Ms. Boudreau's vehicle on January 19, 2023 which consisted of APD shattering Ms. Boudreau's driver's window while Ms. Boudreau was sitting next to it, then APD dragging Ms. Boudreau through the broken glass from the passenger's side to cuff Ms.

Boudreau roughly, then a male APD officer frisking Ms. Boudreau inappropriately while in cuffs, and lifting up her dress exposing her panties while smirking while Ms. Boudreau was in an illegal arrest and illegal search and seizure thus violating her 14th Amendment Rights while using excessive force against her.

5) Sexual Misconduct

A male APD officer frisked Ms. Boudreau while she was in handcuffs, not only feeling every part of her, but also, lifting up her dress exposing her panties while the APD Officer smirked staring at her panties in front of the APD patrol cars in the headlights. Ms. Boudreau said to stop, at which time her passenger jumped out of the truck Ms. Boudreau was driving telling them to stop, which resulted in her passenger being held at gunpoint and intimidated and forced to walk home, leaving Ms. Boudreau on the scene by herself. Her passenger intends to testify in court regarding the events that occurred that evening. Both were extremely shaken up by APD's actions.

6) Coercion

By the end of all that occurred during the traffic stop in Case No. 3AN-23-01329CR, APD informed Ms. Boudreau that if she didn't sign her release, she would go to jail. She was coerced to sign the release on the hood of an APD patrol car.

7) Violation of APD's Policies and Code of Ethics

AT THIS TIME, I would like to note that every single violation against Ms. Boudreau's civil rights and her constitutionally protected rights have taken place over the last year or more. APD is NOT immune to Qualified Immunity since APD violated Ms. Boudreau's 14th Amendment rights KNOWINGLY and due to this misconduct, Ms. Boudreau has a right of PROTECTION from unlawful detentions, false arrests, illegal search and seizures, and FREEDOM from cruel and unusual punishment, safety from harassment. APD responded on scene by saying they were acting according to policy, which then attached the Municipality of Anchorage and the Mayor to this lawsuit or letter of intent to sue.

8) False Charges

Most of APD's actions and claims can be considered malice and found under FRAUD

9) Intimidation

By shattering Ms. Boudreau's driver's window, APD used fear to try to get her to step out of the vehicle when she herself and her passenger reiterated many times that she committed NO CRIME and all she was required by law to do was give them her name, which she did. Then, threatening her to sign her release or go to jail was said in malice and intimidation.

10) Harassment

Four (4) times, Ms. Boudreau has been surrounded by APD since March of 2022. The first time, she was surrounded by APD in the 4th Avenue Chevron parking lot at which time APD officers threatened her with a felony and telling her she was on a DNA locate

and owed the State her DNA. This was a false accusation and intimidation by saying they would show up at her home or DMV and take it from her. They had facial recognition on her since they came up to Ms. Boudreau stating her name before she told them. The 2nd time, Ms. Boudreau was pulled over on May 22, 2022 and her car was impounded and the police officer, Christopher Sternhagen, high fived another officer when Ms. Boudreau was getting some of her belongings out of her vehicle right before it was impounded. She was to start her new job at Cook Inlet Housing the following morning, at which time she was unable to get from the end of Eagle River Road into her new job at Cook Inlet Housing on Spenard Road and 36th in Anchorage and lost that position which would have paid up to $60,000 a year. Ms. Boudreau has been homeless ever since.

11) Negligence

APD exhibited an intentional indifference of the need to use reasonable care which caused predictable severe damage to Ms. Boudreau's vehicle by breaking her driver's side window while she was sitting by it, while knowing she committed no crime to enforce their unreasonable and illegal search and seizure.

12) Violation of Civil Rights

Federal criminal civil rights law prohibits law enforcement agents from conspiring to interfere with federally protected rights, depriving rights under color of law, or using or conspiring to use force, or threat of force, to interfere with the free exercise of each individual's civil rights. APD deprived Ms. Boudreau of her personal civil liberties.

13) Malfeasance

APD acted illegally and caused monetary harm to Ms. Boudreau. APD's actions especially since May 22, 2022 have been intentional conduct that is wrongful or unlawful, especially by officials or public employees. Ms. Boudreau has been surrounded 4 times by APD, in which she was charged with a felony refusal to submit to a DNA swab, after which Ms. Boudreau represented herself and won her Motion to Dismiss Based on Failure to State an Offense on October 31, 2022 in Case No. 3AN-22-05190, since the statute did not apply to Ms. Boudreau or her criminal past since Ms. Boudreau is not a felon or violent offender.

14) Discrimination

Title VI of the Civil Rights Act of 1964 & the OJP Program Statute
prohibits discrimination based on: 42 USC § 2000d et seq and 34 USC
§ 10228 harassment of discriminatory arrests, discriminatory traffic
stops, coercive sexual conduct, retaliation for filing a complaint
with the DOJ or participating in the investigation discriminatory use
of force, or refusal by the Mayor to respond to complaints alleging
discrimination treatment by APD Officers. Ms. Boudreau filed a
complaint with the DOJ for the May 2022 Case No. 3AN-22-5190CR on APD

Officer Christopher Sternhagen when he had threatened her twice before to charge her with a felony for her refusal of the DNA swab. Retaliation for refusing, APD impounded her vehicle causing the loss of her job, homelessness and loss of wages. The 4 traffic tickets that APD charged Ms. Boudreau with during that traffic stop were correctable and she responded but the courts stated that she did not.

In order to avoid the lawsuit, you must comply with the following settlement demands:

1) All illegal tickets Ms. Boudreau was found guilty of and fined removed from her record and the SCOFFLAW be taken off her since it gives APD permission to continue oppressing her civil and constitutional rights.
2) Monetary damages from impounding 2 vehicles and the loss of her new job totals about $80,000.00.
3) Ms. Boudreau requests protection from unlawful and illegal harassment by APD and AST for any future illegal searches and
seizures, actions deemed illegal and unjust that violates constitutional and civil rights
4) Freedom from cruel and usual punishment and misconduct, harassment, and all things immoral and illegal
5) Punitive Damages
6) Moral damages include emotional suffering from being homeless, mental anguish, fright, serious anxiety, moral shock, social humiliation
in the amount of $10,000,000.00.

The settlement demands described above must be made by August 10, 2023, which is no later than 20 days after service of this letter. To discuss the settlement, please contact Brenda L Boudreau, pro se in this pending lawsuit.
This letter is not intended to be a comprehensive statement of all relevant law and facts and should not be interpreted as a waiver or relinquishment of any of the sending party's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including their right to all available remedies including, but not limited to, the recovery of costs and attorneys' fees.
This letter shall be governed under the laws of the State of Alaska.

Sincerely,

_____  7-20-23
BRENDA LYNN BOUDREAU, PLANTIFF    DATED