# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRENDA L. BOUDREAU,

        Plaintiff,

v.

THE ANCHORAGE POLICE DEPARTMENT, THE MUNICIPALITY OF ANCHORAGE, and MAYOR BRONSON,

        Defendants.

Case No. 3:23-cv-00164-JMK

## **SCREENING ORDER**

On July 20, 2023, self-represented litigant Brenda L. Boudreau ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive the filing fee.[1] In Claim 1, Plaintiff alleges on or about January 19, 2023, the Anchorage Police Department violated her right to be free from illegal search and seizure.[2] In Claim 2, Plaintiff alleges the Anchorage Police Department violated her right to travel freely when they impounded her truck.[3] In Claim 3, Plaintiff wrote "see attached letter" and included a seven page "Letter of Intent to Sue" outlining all of her allegations against Defendants. For relief, Plaintiff seeks $80,000 in damages;

---

[1] Dockets 1–3.

[2] Docket 1 at 3.

[3] Docket 1 at 4.

$10,000,000 in "moral" damages; and an order requiring defendants to cease from future harassment.[4] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[5] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[6]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[7] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain

---

[4] Docket 1 at 6–7.

[5] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 2 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 2 of 16

statement of the claim showing that the [complainant] is entitled to relief[.]"[8] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[9] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[10] In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11]

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[13] However, before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or

---

[8] Fed. R. Civ. P. 8(a)(2).

[9] Id.

[10] *Id.* (internal citations and quotations omitted).

[11] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 3 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 3 of 16

otherwise address the problems, unless to do so would be futile.[14]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

Plaintiff challenges events that allegedly occurred on or about January 19, 2023, when she was searched and her vehicle was impounded during a traffic stop.  Liberally construed, Plaintiff challenges the traffic stop, the search of her person, and the seizure of her vehicle.  Plaintiff also contests the seven traffic citations that led to the seizure of her truck pursuant to the Scofflaw Ordinance but does not appear to challenge the constitutionality of the statute itself.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[16] of Plaintiff's related state court cases to the extent they are relevant herein.[17]

---

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019).  *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[17] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 4 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 4 of 16

## I. The Scofflaw Ordinance

The Scofflaw Ordinance, passed in 2008 (AO 2007-161) and amended in 2023 (AO 2023-67 (S-1)), allows for the seizure and impoundment of any vehicle driven by a person with more than $2,500 in outstanding delinquent traffic citations over the past 5 years.[18] "The names of these individuals are published on the Scofflaw List, and through impound, the vehicles [are] removed from the streets through the support and assistance of the Anchorage Police Department."[19] Its stated purpose is to "remove motor vehicles operated by repeat traffic offenders who have not been subject to the deterrent and rehabilitative effects of sentencing, and who therefore pose a heightened danger to the public."

## II. Summary of Relevant Facts

Plaintiff alleges she was pulled over on January 19, 2023, for having snow on her license plate.[20] After providing the officer with her name, she claims he broke her driver's side window, pulled her through the broken glass, and searched her.[21] Plaintiff alleges the officer exposed her underwear, threatened her

---

[18] Finance Department, Municipality of Anchorage, *Scofflaw, Anchorage's Most Wanted Drivers,* https://scofflaw.muni.org/#:~:text=The%20Scofflaw%20Ordinance%20as%20passed,over%20the%20past%205%20years.

[19] *Id.*

[20] Docket 1 at 3.

[21] *Id.*

passenger, and coerced her into signing a release of her vehicle.[22] Then, the police impounded Plaintiff's vehicle.[23]

Plaintiff claims her car was previously impounded in May 2022, and the police have been harassing her since.[24] Plaintiff says she won a motion to dismiss on October 31, 2022, in a state criminal case;[25] and that on April 10, 2023, after an arraignment on in another criminal case, the State of Alaska declined to prosecute her because the police violated her Fourteenth Amendment Rights.[26] Plaintiff does not provide any additional relevant information about either of these cases and a search of the publicly available state court records produced no results for either criminal case number she provided (Case Nos. 3AN-22-05190CR or 3AN-23-01329CR). The state court records do contain minor offense Case Nos. 3AN-22-05190MO and 3AN-23-01329MO, but neither appear to include Plaintiff as a co-defendant.[27]

---

[22] *Id.*

[23] *Id.*

[24] In the Complaint, Plaintiff claims the police have surrounded and threated her "3 previous times" in the last year but in her intent to sue letter, she claims she "has been targeted and surrounded by law enforcement 5 times in the last year and a half" and later, claims she has been surrounded by the police "4 times . . . since March of 2022." *Compare* Docket 1 at 3 *with* Docket 1-1 at 2 *and* Docket 1-1 at 5.

[25] Docket 1 at 3.

[26] Docket 1-1 at 2.

[27] *See Municipality of Anchorage vs. Prince,* Case No. 3AN-23-01329MO (Default Judgment was entered against Defendant James David Prince on February 16, 2023, for driving with suspended license on December 16, 2022); *Municipality of Anchorage vs. Owen,* Case No. 3AN-22-05190MO (Charge of Operating a Vehicle without a License on April 17, 2022, against Defendant Harold Lee Owen was dismissed on January 19, 2023).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 6 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 6 of 16

With her filing, Plaintiff included a print-out of the Scofflaw/Impound Hot List printed on July 20, 2023.[28] The highlighted portion indicates Plaintiff has seven citations equaling $2,110.00 in delinquent traffic fines.[29] Plaintiff claims she was never notified of or given hearing dates in minor offense Case Nos. 3AN-23-03469MO, 3AN-23-03470MO, or 3AN-23-03471MO, which she claims were processed and sent to collections without her knowledge.[30] The state court records reflect that on April 27, 2023, after failing to appear or respond, Plaintiff was given default judgments for having "Obscured, Tinted/Dirty License Plates,"[31] driving without proof of insurance,[32] and failing to obey the officers on February 19, 2023.[33] Plaintiff alleges she corrected three of the other listed traffic citations from a traffic stop on May 22, 2022,[34] in Case Nos. 3AN-22-09442MO,[35] 3AN-22-

---

[28] Docket 1-2.

[29] *Id.*

[30] Docket 1-1 at 3.

[31] *Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03469MO (Non-Criminal Violation AMC952040-V1: Obscured, Tinted/Dirty License Plates).

[32] *Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03470MO (Non-Criminal Violation AMC928030A-V1: Driving w/o Proof of Insurance on February 19, 2023; Default Judgment entered April 27, 2023).

[33] *Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03471MO (Non-Criminal Violation AMC948080-V1: Traffic Citations-Failure to Obey).

[34] Docket 1-1 at 4.

[35] Non-Criminal Violation AMC9.36.260(A): Failure to Properly Use Safety Dev; Offense Date: 05/22/2022; Disposition Date 07/19/2022: Default Judgment).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 7 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 7 of 16

09444MO,[36] and 3AN-22-09445MO.[37] The state court records also include Case No. 3AN-22-09443MO,[38] but Plaintiff does not address this violation in her filing.

## III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[39] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[40] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[41] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[42]

---

[36] Non-Criminal Violation AMC9.28.030(A): Driving w/o Proof of Insurance; Offense Date: 05/22/2022; Disposition Date 07/19/2022: Default Judgment).

[37] Non-Criminal Violation AMC9.52.030(A)(1): Vehicles to be Licensed; Offense Date: 05/22/2022; Disposition Date 07/19/2022: Default Judgment).

[38] Non-Criminal Violation AMC9.28.019(B)(2): Driving with License Suspended; Offense Date: 5/22/2022; Disposition Date 07/19/2022: Default Judgment).

[39] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[40] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[41] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[42] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 8 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 8 of 16

A defendant in a civil rights lawsuit must be a "person."[43] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[44] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[45]

### A. Anchorage Police Department and the Municipality of Anchorage

A municipal police department is not a "person" within the meaning of Section 1983. However, a municipality, such as the Municipality of Anchorage, is a "person" for purposes of Section 1983 and may be sued for damages.[46] But to state a claim against a municipality under Section 1983, a plaintiff must allege facts that, if proven, would establish that the plaintiff's constitutional rights were violated pursuant to a policy or custom of the municipality.[47] Thus, a municipality may not be sued under Section 1983 solely because an injury was inflicted by one of its

---

[43] 42 U.S.C. § 1983.

[44] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[45] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[46] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

[47] *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell,* 436 U.S. at 690–91).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 9 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 9 of 16

employees, including its police officers.[48] Rather, a Section 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff plausibly alleges facts that, if prove, would establish (1) that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.[49]

The Anchorage Police Department is not a proper defendant. To the extent Plaintiff seeks to sue the Municipality of Anchorage, the Complaint does not plausibly allege any facts that, if proven, would demonstrate that the Municipality of Anchorage maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or explain how Plaintiff's injuries were caused by a specific municipal policy or custom. For these reasons, the Complaint fails to state a claim against the Anchorage Police Department or the Municipality of Anchorage and must therefore be dismissed.

### B. Mayor Bronson

When a municipal officer, such as a mayor, and a local government entity are named as defendants, a court may dismiss the officer in his official capacity as a redundant defendant.[50] To the extent Plaintiff seeks to bring a claim against

---

[48] *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).

[49] *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir.2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

[50] *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.") (internal citation omitted).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 10 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 10 of 16

Mayor Bronson in his personal capacity for monetary damages, Plaintiff has not alleged any federal or constitutional claims against Mayor Bronson. The only reference to the mayor is included her "Letter to Sue" where she alleges Mayor Bronson refused to investigate her complaints.[51] As pleaded, Plaintiff does not allege sufficient facts to state a claim against Mayor Bronson in a personal capacity. Further, an official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. The Court grants leave to amend in accordance with the guidance provided in this order.

### C. Plaintiff's Claims

A federal court lacks jurisdiction under the *Rooker–Feldman* doctrine to review Plaintiff's claims regarding her traffic citations and seizure of her vehicle.[52] Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction to conduct appellate review of state court proceedings.[53] The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are "inextricably intertwined" with state court determinations.[54] Plaintiff has the right to appeal a final order or judgment in a civil traffic case or to file a motion to vacate a default judgment in the Alaska Superior

---

[51] Docket 1-1 at 6.

[52] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman,* 460 U.S. 462, 482 (1983).

[53] *Id.*

[54] *Feldman,* 460 U.S. at 483 n.16; *see also Noel v. Hall,* 341 F.3d 1148 (9th Cir.2003).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 11 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 11 of 16

Court.[55] Moreover, Plaintiff could have and should have raised any constitutional challenges to the Scofflaw Ordinance in state court. Therefore, Plaintiff cannot challenge her traffic citations, seizure of her vehicle pursuant to the Scofflaw Ordinance, or the ordinance itself in federal court. Accordingly, such claims may not be raised in an amended complaint.

Additionally, Plaintiff has not alleged facts to support a claim that the officer's search was unreasonable. "[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendmen[t],"[56] and may "perform a 'patdown' of a driver and any passengers upon reasonable suspicion that they may be armed and dangerous."[57] However, law enforcement officers may only use an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[58] A court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[59] The governmental interest is measured by considering factors including:

---

[55] *See* Traffic Cases (Minor Offenses), Alaska Court System, FAQs, https://courts.alaska.gov/shc/mo/index.htm#minor.

[56] *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (per curiam).

[57] *Knowles v. Iowa,* 525 U.S. 113, 117–18 (1998).

[58] *Graham v. Connor,* 490 U.S. 386, 397 (1989).

[59] *Id.* at 396.

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 12 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 12 of 16

(i) the severity of the crime at issue; (ii) whether the suspect posed an immediate threat to the safety of the officers or others; and (iii) whether the suspect was actively resisting arrest or attempting to evade arrest by flight.[60]

Plaintiff has not pleaded sufficient facts to demonstrate that the officers lacked reasonable suspicion to justify the initial traffic stop or to search her person. Further, Plaintiff has not pleaded sufficient facts to demonstrate the officer used excessive force. However, the Court grants Plaintiff leave to amend in accordance with the guidance in this order.

### IV. Cannot Bring Criminal Charges in a Civil Complaint

Plaintiff cites to 18 U.S.C. §§ 241, 242, and claims Defendants are guilty of a variety of crimes, including sexual misconduct, false reports, false charges, false arrests, and harassment.[61] Criminal statutes generally do not provide any express private cause of action or other basis for civil liability.[62] Plaintiff is a private party, and thus she cannot file criminal charges.

### CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[63]

---

[60] *Id.* at 394.

[61] Docket 1-1.

[62] *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit).

[63] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 13 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 13 of 16

Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[64] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to file an amended complaint, she shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[65] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

---

[64] Fed. R. Civ. P. 8(a)(2).

[65] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 14 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 14 of 16

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** from the date of this order to file **one of the following:**

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive the filing fee at **Docket 3 is GRANTED.**

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[66]

---

[66] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 15 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 15 of 16

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[67] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 20th day of December, 2023 at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[67] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00164-JMK, *Boudreau v. Anchorage Police Department, et al.*
Screening Order
Page 16 of 16
Case 3:23-cv-00164-JMK   Document 6   Filed 12/20/23   Page 16 of 16