# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRENDA L. BOUDREAU, <br><br> Plaintiff, <br><br> v. <br><br> THE ANCHORAGE POLICE DEPARTMENT, THE MUNICIPALITY OF ANCHORAGE, and MAYOR BRONSON, <br><br> Defendants. | Case No. 3:23-cv-00164-SLG |

## SECOND SCREENING ORDER

On July 20, 2023, self-represented litigant Brenda L. Boudreau ("Plaintiff") filed a civil complaint ("Complaint"), a civil cover sheet, an application to waive the filing fee.[1] The Court screened the Complaint, found it to be deficient but granted Plaintiff leave to file an amended complaint.[2] On January 18, 2024, Plaintiff filed an amended complaint ("First Amended Complaint") and a motion to submit video evidence.[3]

In Claim 1, Plaintiff alleges the "traffic stop, search of Plaintiff's person, seizure and impoundment of Plaintiff's vehicle, and detention of Plaintiff's

---

[1] Dockets 1-3.

[2] Docket 6.

[3] Dockets 8-9.

passenger violated their Fourth Amendment rights against unreasonable search and seizure."[4] In Claim 2, Plaintiff alleges the "[i]mpounding [of] Plaintiff's vehicle pursuant to the Scofflaw Ordinance and issuing traffic citations and judgments against Plaintiff without notice or a hearing violated Plaintiff's Fourteenth Amendment right to due process."[5] In Claim 3, Plaintiff alleges the "Scofflaw Ordinance violates Plaintiff's constitutionally protected right to travel."[6]

The Court has now screened the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the First Amended Complaint suffers from the same deficiencies as the original complaint. Specifically, Plaintiff names the Anchorage Police Department and Mayor Bronson as defendants despite being informed neither is a proper defendant. Therefore, Claims 2 and 3 are DISMISSED with prejudice. Further, Plaintiff restates her claims challenging her traffic citations, the impoundment of her vehicle, the judgments of the state court, and the constitutionality of the Scofflaw Ordinance despite being informed that such claims may not be raised in an amended complaint.[7] For the reasons explained in the previous Screening Order, all claims against the Anchorage Police Department and Mayor Bronson are DISMISSED with prejudice.

---

[4] Docket 8 at 2. Plaintiff refers to this claim as "Count" 2.

[5] Docket 8 at 2.

[6] *Id.* Plaintiff refers to this claim as "Count" 3.

[7] Docket 6 at 12.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 2 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 2 of 19

A plaintiff's failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead" and "any attempt to amend would be futile[.]"[8] Indeed, the Court's "discretion to deny leave to amend is particularly broad where[, as here,] the plaintiff has previously amended the complaint."[9] However, in the interests of fundamental fairness, Plaintiff is granted one additional chance to file a second amended complaint to try to fix the deficiencies identified in this order.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[11]

---

[8] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted). *See also Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) (district court properly denied leave to amend when "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply.").

[9] *San Francisco Herring Ass'n v. Dep't of the Interior,* 946 F.3d 564, 582 (9th Cir. 2019) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)).

[10] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[11] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 3 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 3 of 19

In conducting its screening review, a district court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[12] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

### I. Plaintiff May Only Represent Herself

Although Plaintiff only named herself as a plaintiff, she alleges her "passenger was held at gunpoint and ordered to leave the scene on foot,"[15] and that the detention of her passenger violated "their" rights.[16] A non-attorney self-represented litigant may represent only her own interests,[17] and has "no

---

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] Docket 8 at 1.

[16] Docket 8 at 2.

[17] 28 U.S.C. § 1654.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 4 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 4 of 19

authority to appear as an attorney for others than h[er]self."[18] Plaintiff cannot bring claims on behalf of her passenger. Accordingly, the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, she shall do so only on her own behalf.

## II. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[19] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[21]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and

---

[18] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[20] *Ashcroft*, 556 U.S. at 678.

[21] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 5 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 5 of 19

resolve all doubts in the plaintiff's favor.[22] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[23] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[24]

### III. Defendants

#### A. Individual Liability

Plaintiff does not allege specific facts regarding the actions of any one defendant but refers generally to the actions of the "officers" allegedly involved in the traffic stop. To state a claim, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant, and she must allege an affirmative link between the injury and the conduct of that defendant.[25] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[26] A complaint is insufficiently pled if it offers "naked assertions devoid of further

---

[22] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[23] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[24] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[25] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[26] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 6 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 6 of 19

factual enhancement."[27] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[28]

### B. Unknown "Doe" defendants

Although federal courts do not generally favor actions against unknown "Doe" defendants,[29] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint.[30] However, Doe defendants cannot be served with process until he or she is identified by his or her real name.[31] Since Plaintiff is granted leave to file an amended complaint, she must use the time given to amend to try to ascertain the names of the officers that detained her and name them as defendants without further assistance from the Court. She may seek to obtain a copy of the police report(s) regarding the incident from the Anchorage Police Department, which should identify the officers involved. She may seek extensions of time for the filing of an amended complaint for that purpose if necessary. Alternatively, Plaintiff may use "Doe" defendant designations to refer to defendants whose names are unknown; however, she

---

[27] *Id.* (internal quotation marks and citation omitted).

[28] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[29] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[30] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[31] *Merritt v. Cty. of Los Angeles,* 875 F.2d 765, 767-68 (9th Cir. 1989); *see also* Rutter Grp., Federal Civil Procedure Before Trial, "Substitution of Parties" § 7:377 ("The complaint may be amended to substitute the name of the real defendant when discovered, as long as there is no unreasonable delay.").

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 7 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 7 of 19

must number them in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person. If Plaintiff names Doe defendants in any amended complaint, she must continue to seek to identify each defendant. The Court will not investigate the names and identities of unnamed defendants.

If necessary, Plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the Doe defendants "unless it is clear that discovery would not uncover their identities,"[32] and only after the Court is satisfied that Plaintiff has exhausted every other possibility of finding their names. Once Plaintiff identifies a Doe defendant, she must file a motion to substitute the true name for the Doe defendant.[33] The Court may dismiss this action without further notice to Plaintiff if Plaintiff fails to timely file a Notice of Substitution identifying at least one of the fictitiously named Defendants—unless Plaintiff seeks and is granted an extension of time for good cause shown.[34]

### C. Municipal Liability

"A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's

---

[32] *Gillespie,* 629 F.2d at 642.

[33] *Wakefield,* 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants.").

[34] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 8 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 8 of 19

federally protected rights."[35] A plaintiff may also establish a claim by demonstrating the alleged constitutional violation was caused by a failure to train or failure to supervise municipal employees adequately.[36] However, "[a] municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents[;]"[37] a plaintiff must first show an underlying constitutional violation.[38] Further, allegations of random acts, or single instances of misconduct are insufficient to establish a claim against a municipality.[39]

A "custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.' "[40] "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[41] To allege a failure to train claim, a

---

[35] *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *See also Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (explaining mere acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts).

[36] *City of Canton v. Harris,* 489 U.S. 378, 388 (1989).

[37] *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 694).

[38] *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). *See also Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (explaining mere acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts).

[39] *See Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1996).

[40] *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir.1996) (quoting *Monell v. Dept. of Soc. Serv. of N.Y.,* 436 U.S. 658, 691 (1978)).

[41] *Id.*

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 9 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 9 of 19

plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees.[42]

As explained above, the First Amended Complaint fails to plead facts to support a claim against the individual officer(s), and accordingly, cannot establish a claim against the Municipality.[43] Further, Plaintiff does not assert that the Municipality has an official policy of allowing unconstitutional searches, or that an individual with final policy-making authority ratified the officers' actions. Plaintiff has not included facts to suggest the alleged constitutional violation resulted from a longstanding practice or custom or that it was caused by a failure to train municipal employees adequately. Therefore, the First Amended Complaint fails to state a claim against the Municipality of Anchorage.

### IV. Plaintiff's Claims

Plaintiff alleges she was pulled over on January 19, 2023,[44] for "allegedly having snow covering her license plate."[45] Plaintiff challenges the legality of the

---

[42] *Benavidez*, 993 F.3d at 1153–54.

[43] *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability.").

[44] Although Plaintiff believes the traffic stop occurred on January 19, 2023, the state court docket records do not have any alleged offenses occurring on that date but do reflect three citations for a traffic stop on February 19, 2023.

[45] Docket 8 at 1.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 10 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 10 of 19

traffic stop, claiming she "and her passenger repeatedly told the officers that having snow on a license plate is not a crime in Alaska."[46] Plaintiff states the officers order her "to exit her vehicle." When she refused, "the officers shattered her driver's side window, pulled her through the broken glass, and sexually molested her by exposing her underwear during a highly invasive search[.]"[47]

The online state court docket records show the Anchorage Police Department issued three citations for minor offenses—AMC9.52.040: Obscured, Tinted/Dirty License Plates,[48] AMC9.28.030(A): Driving w/o Proof of Insurance,[49] and AMC9.48.080: Traffic Citations-Failure to Obey[50]—during a traffic stop on February 19, 2023.[51] Then, almost two months later, on April 18, 2023, the Municipality of Anchorage filed a "Minor Offense Citation" and "Request and Affidavit for Default Judgment" based on each unpaid citation. The docket indicates a warning notice for default judgment was sent to Ms. Boudreau by local law

---

[46] Docket 8 at 1.

[47] Docket 8 at 1.

[48] *See Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03469MO (Citation #: A3974329, Offense Date: 02/19/2023, Charge: AMC9.52.040: Obscured, Tinted/Dirty License Plates).

[49] *See Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03470MO (Citation #: A3974330; Offense Date: 02/19/2023; Charge: AMC9.28.030(A): Driving w/o Proof of Insurance).

[50] *Municipality of Anchorage vs. Boudreau,* Case No. 3AN-23-03471MO (Citation #: A3974331, Offense Date: 02/19/2023, Charge: AMC9.48.080: Traffic Citations-Failure to Obey).

[51] *See* supra, note 44.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 11 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 11 of 19

enforcement.[52] When Plaintiff failed to appear in court, the state court entered a default judgment on April 27, 2023.[53]

### A. The Traffic Stop

The Fourth Amendment guarantees the right of persons to be free from "unreasonable searches and seizures" by the government.[54] This protection "extend[s] to brief investigatory stops of persons or vehicles that fall short of traditional arrest."[55] To conduct a lawful stop, an officer must have "a reasonable suspicion to believe that criminal activity 'may be afoot.' "[56] Courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing."[57] The decision to stop an automobile is reasonable where the police have probable cause or reasonable suspicion to believe that a traffic violation has

---

[52] *See, e.g. Municipality of Anchorage v. Boudreau,* Case No. 3AN-23-03469MO, Docket Entry 04/18/2023 ("Request and Affidavit for Default Judgment. Warning Notice sent to Defendant by Local Law Enforcement.").

[53] *Id.* Docket Entry 04/27/2023 ("[Ms. Boudreau] failed to respond or appear. Judgment is entered pursuant to Minor Offense Rules 9 & 10.").

[54] U.S. Const. amend. IV.

[55] *United States v. Arvizu*, 534 U.S. 266, 273 (2002). *See also Whren v. U.S.,* 517 U.S. 806, 809–10 (1996) ("The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision.").

[56] *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

[57] *Id.* (citation omitted).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 12 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 12 of 19

occurred.[58] A reasonable suspicion means "a particularized and objective basis for suspecting the particular person stopped of criminal activity."[59] A "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" a stop.[60] But when a traffic stop results in citation or arrest, the driver may not challenge the stop unless the infraction or criminal charges are overturned.[61]

Although Plaintiff believes "having snow on a license plate is not a crime in Alaska[,]" she was cited with a violation of Alaska Municipal Code § 9.52.040, which prohibits vehicles from operating "with any number, letter, or registration decal or sticker of a license plate obscured or covered by dirt or debris, a tinted or

---

[58] *See, e.g., Heien v. North Carolina,* 574 U.S. 54, 60 (2014) ("A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment …. All parties agree that to justify this type of seizure, officers need only 'reasonable suspicion'—that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law.") (citations and internal quotations omitted); *see also Navarette v. California,* 572 U.S. 393 (2014) ("The Fourth Amendment permits brief investigative stops—such as the traffic stop in this case—when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity …. The 'reasonable suspicion' necessary to justify such a stop is dependent upon both the content of information possessed by police and its degree of reliability …. The standard takes into account the totality of the circumstances—the whole picture …. Although a mere hunch does not create reasonable suspicion, … the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause ….") (internal quotation marks and citations omitted).

[59] *Cortez*, 449 U.S. at 417–18.

[60] *Terry*, 392 U.S. at 21–22.

[61] *Cf. Vohra v. City of Placentia,* 683 F. App'x 564, 566 (9th Cir. 2017) (holding that a Section 1983 action challenging a traffic stop was barred by Heck when plaintiff had pleaded guilty to an infraction arising out of that traffic stop).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 13 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 13 of 19

shaded cover plate, any nontransparent covering, or any coating not provided by the manufacturer of the license plate." The code prevents officers from charging the person with a violation of this section "if the person immediately removes any obstructing dirt or debris at the request of the police officer stopping the person for such offense."[62] Snow covering a license plate would constitute a nontransparent covering that is prohibited by the ordinance. As such, based on the facts as pled in the First Amended Complaint, Plaintiff was validly issued a citation for violating the "Obscured license plates" ordinance and she cannot maintain a civil rights claim as to the initial traffic stop.

### B. Excessive Force

"All claims of excessive force ... are analyzed under the objective reasonableness standard."[63] This standard requires the court to "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."[64] "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene ...."[65] A court's consideration must provide "allowance for the fact that police officers are often forced to make

---

[62] AMC § 9.52.040.

[63] *Blanford v. Sacramento Cnty.,* 406 F.3d 1110, 1115 (9th Cir. 2005).

[64] *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (quoting *United States v. Place,* 462 U.S. 696, 703 (1983)).

[65] *Graham*, 490 U.S. at 396.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 14 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 14 of 19

split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."[66]

The Supreme Court has recognized that traffic stops are "especially fraught with danger to police officers."[67] Therefore, an officer making a traffic stop may order the driver and any passengers "to get out of the car pending completion of the stop."[68] An officer may also use objectively reasonable force to carry out investigatory stops.[69] However, "[d]etermining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[70] To justify a patdown of a driver or a passenger during a traffic stop, the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous.[71] "A lawful frisk does not always flow from a justified stop."[72] And purposeful sexual misconduct can never be "reasonable" under the Fourth

---

[66] *Id.* at 397.

[67] *Michigan v. Long,* 463 U.S. 1032, 1047 (1983).

[68] *Maryland v. Wilson,* 519 U.S. 408 (1997). *See also Pennsylvania v. Mimms,* 434 U.S. 106 (1977) (per curiam) (driver may be ordered out of the car as a matter of course).

[69] See *Green v. City & Cty. of San Francisco,* 751 F.3d 1039, 1049 (9th Cir.2014).

[70] *Mattos,* 661 F.3d at 441 (alteration in original) (quoting *Graham,* 490 U.S. at 396, 109 S.Ct. 1865) (internal quotation marks omitted).

[71] *Arizona v. Johnson,* 555 U.S. 323, 327 (2009).

[72] *United States v. Thomas,* 863 F.2d 622, 628 (9th Cir. 1988).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 15 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 15 of 19

Amendment.[73] Therefore, accepting all facts as true, Plaintiff may be able to state a viable civil rights claim under the Fourth Amendment based on alleged the forcible removal from her vehicle and the subsequent search of her person. However, as stated above, to state a claim, Plaintiff must plead sufficient facts to show how each named defendant's action, or lack thereof, violated her constitutional rights. Vague and conclusory allegations of civil rights violations are not sufficient.[74]

### V. Motion to Submit Video Evidence

Plaintiff's motion at Docket 9 is premature. A plaintiff need not file exhibits or evidence to prove her case at the pleading stage. Rather, a complaint need only allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[75] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening stage is generally limited to the contents of the complaint.[76] The Court need not determine whether a plaintiff will ultimately prevail; rather at this stage the Court determines only whether the plaintiff should be afforded an opportunity to proceed to the next stage of litigation

---

[73] *See Fontana*, 262 F.3d at 880.

[74] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[75] Fed. Rule Civ. Proc. 8(a)(2).

[76] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 16 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 16 of 19

and subsequently offer evidence to support her claims.[77] Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions. Therefore, the motion at Docket 9 is DENIED without prejudice.

## CONCLUSION

Plaintiff is accorded **30 days** from the date of this order to file a Second Amended Complaint. An amended complaint replaces the prior complaint in its entirety.[78] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[79] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. The Second Amended Complaint must not contain the claims that this Court has dismissed or found not viable.

Although Plaintiff has been given the opportunity to file an amended complaint, she shall not unjustifiably expand the scope of the case by alleging new

---

[77] *See Scheuer,* 416 U.S. at 236 (a district court acts "prematurely" and "erroneously" when it dismisses a well-pleaded complaint, thereby "preclud[ing] any opportunity for the plaintiffs" to establish their case "by subsequent proof").

[78] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[79] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 17 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 17 of 19

unrelated claims. An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amended Complaint at **Docket 8 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint that cures the deficiencies identified in this order.

2. Claims 2 and 3 are **DISMISSED with prejudice.**

3. All claims against the Anchorage Police Department and Mayor Bronson are **DISMISSED with prejudice.**

4. Plaintiff is accorded **30 days** from the date of this order to file **one of the following:**

    a. Second Amended Complaint, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 18 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 18 of 19

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

5. If Plaintiff does not timely file either an amended complaint or voluntarily dismissal, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

6. Plaintiff's motion to submit video evidence at **Docket 9 is DENIED.**

7. With this order, the Clerk shall send (1) form PS02, with "SECOND AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 30th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00164-SLG, *Boudreau v. Anchorage Police Department, et al.*
Second Screening Order
Page 19 of 19
Case 3:23-cv-00164-SLG   Document 12   Filed 07/30/24   Page 19 of 19