

RECEIVED

AUG 29 2024

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BRENDA L. BOUDREAU,   CASE No. 3:23-cv-00164-SLG

      **Plaintiff,**

v.

MUNICIPALITY OF ANCHORAGE,

JOHN DOE 1 (APD Officer who demanded

Plaintiff exit the vehicle and ordered

the window to be broken),

JOHN DOE 2 (APD Officer who broke window),

JOHN DOE 3 (APD Officer who removed

Plaintiff from vehicle),

JOHN DOE 4 (APD Officer who conducted

search),

      **Defendants.**

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, BRENDA L. BOUDREAU, pro se, and for her Second Amended Complaint against the above-named Defendants, states and alleges as follows:

## I. PARTIES

1. Plaintiff Brenda L. Boudreau is a resident of Alaska, with a mailing address of C/O Calvin Pope, 4800 W Clayton St, Wasilla, AK 99623.

2. Defendant Municipality of Anchorage is a municipal corporation organized under the laws of the State of Alaska, with its principal place of business at 632 West 6th Avenue, Anchorage, Alaska 99501.

3. Defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 are officers of the Anchorage Police Department, employed by the Municipality of Anchorage, with a business address of 716 W 4th Ave, Anchorage, AK 99501. These officers are sued in their individual capacities.

## II. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendment rights.

## III. STATEMENT OF FACTS

5. On February 19, 2023, Plaintiff Brenda L. Boudreau was traveling in her vehicle in Anchorage, Alaska. It was nighttime and snowing.

6. Plaintiff was pulled over by officers of the Anchorage Police Department, allegedly for having snow on her license plate.

7. For approximately 30 minutes, Plaintiff and her passenger repeatedly informed the APD officer that having snow on a license plate was not a criminal act, felony, or misdemeanor in Alaska.

8. Despite Plaintiff's explanations, multiple APD officers (approximately four to six) surrounded her vehicle and demanded she exit.

9. Plaintiff informed the APD officer (John Doe 1) that Alaska is not a stop and ID state, and that she had already provided her name, which is all she was legally required to do under Hiibel v. Sixth Judicial District Court of Nevada, 542 U.S. 177 (2004).

10. Plaintiff, believing she had committed no crime, requested to see a warrant before exiting her vehicle, as is her right under the Fourth Amendment. See Payton v. New York, 445 U.S. 573 (1980).

11. Without presenting a warrant, one or more APD officers (John Doe 1 & 2) suddenly and violently shattered the driver's side window of Plaintiff's vehicle.

12. Officers (John Doe 1 and John Doe 2) then forcibly pulled Plaintiff through the broken window, causing her to come into contact with shards of glass.

13. Plaintiff was then placed in handcuffs, despite the absence of probable cause or reasonable suspicion of any criminal activity. See Terry v. Ohio, 392 U.S. 1 (1968).

14. An officer (John Doe 3) conducted a search of Plaintiff's person. This search was excessively intrusive and inappropriate. The officer lifted Plaintiff's dress entirely up, exposing her underwear in full view of the police cruiser headlights, violating her Fourth Amendment rights as established in Safford Unified School Dist. No. 1 v. Redding, 557 U.S. 364 (2009).

15. During this search, the officer (John Doe 3) was smiling provocatively and appeared to be deriving inappropriate pleasure from the act.

16. Plaintiff, feeling violated, yelled "Stop!" at this point.

17. Upon hearing Plaintiff yell, her passenger exited the vehicle. Multiple APD officers then drew their weapons and ordered the passenger to leave the scene on foot.

18. Plaintiff was then placed in the back of a police cruiser.

19. While in the cruiser, an APD officer (John Doe 4) coerced Plaintiff to sign a release document, threatening to take her to jail if she refused, in violation of her Fifth Amendment rights against self-incrimination. See Miranda v. Arizona, 384 U.S. 436 (1966).

20. Despite Plaintiff's protests and requests to provide proof of insurance, the APD officers impounded her vehicle.

21. At a subsequent arraignment on April 10, 2023, the State of Alaska dismissed all charges against Plaintiff (case numbers 3AN-23-03469 MO, 3AN-23-03470 MO, and 3AN-23-03471 MO), acknowledging that she had committed no crime.

22. The entire incident stemmed from snow on a license plate during a snowfall in Alaska, a common and unavoidable occurrence that does not constitute a crime.

23. On August 28, 2024, Plaintiff submitted a public records request pursuant to Alaska's Public Records Act, AS 40.25.100, seeking all court records, police reports, names of APD officers, audio and video recordings, and other relevant documents related to the incident and subsequent legal proceedings.

24. Despite the dismissal of charges on April 10, 2023, the Municipality of Anchorage and/or the Anchorage Police Department subsequently processed the dismissed tickets through traffic court without Plaintiff's knowledge or proper notification, in violation of her due process rights under the Fourteenth Amendment. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

25. Plaintiff, who became homeless as a result of losing her vehicle and job due to this incident, did not receive any notice of these traffic court proceedings.

26. The traffic court found Plaintiff guilty in absentia and sent the fines directly to collections, further exacerbating her financial distress and violating her due process rights as established in Mathews v. Eldridge, 424 U.S. 319 (1976).

### IV. STATEMENT OF CLAIM

#### COUNT I

#### EXCESSIVE FORCE

(Against Defendants John Doe 1 and John Doe 2)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Defendants John Doe 1 and John Doe 2 used excessive force in violation of Plaintiff's Fourth Amendment rights by:

a) Shattering the driver's side window without justification;

b) Forcibly pulling Plaintiff through the broken window, exposing her to potential injury from glass shards; and

c) Handcuffing Plaintiff without probable cause of a crime.

29. The actions of the officers should be evaluated under the "objective reasonableness" standard established in Graham v. Connor, 490 U.S. 386 (1989), which requires assessing the reasonableness of force from the perspective of a reasonable officer on the scene.

30. The force used was objectively unreasonable under the circumstances and violated Plaintiff's clearly established constitutional rights. See Blankenhorn v. City of Orange, 485 F.3d 463 (9th Cir. 2007).

**COUNT II**

**UNREASONABLE SEARCH**

(Against Defendant John Doe 3)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. Defendant John Doe 3 conducted an unreasonable and invasive search in violation of Plaintiff's Fourth Amendment rights by:

a) Conducting a search without probable cause;

b) Lifting Plaintiff's dress to expose her underwear in public view; and

c) Conducting the search in a manner that appeared to be for personal gratification rather than legitimate law enforcement purposes.

33. The search violated the principles established in Terry v. Ohio, 392 U.S. 1 (1968), which require reasonable suspicion for searches and seizures.

34. The search was objectively unreasonable under the circumstances and violated Plaintiff's clearly established constitutional rights. See Safford Unified School Dist. No. 1 v. Redding, 557 U.S. 364 (2009).

## COUNT III

## MUNICIPAL LIABILITY

(Against Defendant Municipality of Anchorage)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. The Municipality of Anchorage is liable for these constitutional violations because:

   a) It has a policy or custom of allowing officers to use excessive force and conduct unreasonable searches during routine traffic stops;

   b) It has failed to properly train and supervise its officers in appropriate use of force and search procedures;

   c) It has a pattern of harassing and targeting the Plaintiff, as evidenced by multiple similar incidents; and

   d) It has a policy or custom of processing dismissed charges through traffic court without proper notification, in violation of due process rights.

37. The Municipality's policies, customs, and practices were the moving force behind the constitutional violations suffered by the Plaintiff, as required for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

### COUNT IV

### VIOLATION OF DUE PROCESS

(Against Defendant Municipality of Anchorage)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. The Municipality of Anchorage violated Plaintiff's due process rights under the Fourteenth Amendment by:

   a) Processing dismissed charges through traffic court without proper notification;

   b) Finding Plaintiff guilty in absentia without affording her the opportunity to defend herself; and

   c) Sending fines to collections without proper notice or opportunity for Plaintiff to contest the charges.

40. These actions deprived Plaintiff of her property interests without due process of law, in violation of her clearly established constitutional rights. See Mathews v. Eldridge, 424 U.S. 319 (1976); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in the amount of $10,000,000.00 for physical and emotional distress, loss of dignity, ongoing trauma, and financial harm;

B. Award punitive damages against the individual officers in the amount of $80,000.00;

C. Grant injunctive relief to prevent future harassment, constitutional violations, and improper processing of dismissed charges;

D. Order the Municipality of Anchorage to vacate any traffic court judgments related to the dismissed charges and recall any fines sent to collections;

E. Order the defendants to fully comply with Plaintiff's public records request;

F. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

G. Grant such other and further relief as this Court deems just and proper.

Dated this 29 day of August, 2024.

Respectfully submitted,

Brenda L. Boudreau, Pro Se

C/O Calvin Pope

4800 W Clayton St

Wasilla, AK 99623

907-207-9382

boudreau.brenda88@gmail.com

**VERIFICATION**

I, Brenda L. Boudreau, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 29 day of August, 2024.

Brenda L. Boudreau

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29 day of August, 2024, I hand delivered the foregoing with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Brenda L. Boudreau, Pro Se