# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRENDA L BOUDREAU,<br><br>                Plaintiff,<br><br>                v.<br><br>MUNICIPALITY OF ANCHORAGE, *et al.,*<br><br>                Defendants. | Case No. 3:23-cv-00164-SLG |

## ORDER DIRECTING SERVICE & RESPONSE

On August 29, 2024, self-represented litigant Brenda L. Boudreau, ("Plaintiff") filed a Second Amended Complaint.[1] The Court has now screened the Second Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed,[2] the Second Amended Complaint contains sufficient facts, that accepted as true, state a plausible excessive force claim. This means that Plaintiff's case will not be summarily dismissed at this time but may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331.

Although federal courts do not generally favor actions against unidentified "Doe" defendants,[3] a plaintiff may sue unnamed defendants when the identity of

---

[1] Dockets 1-2.

[2] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

[3] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

the alleged defendants is not known before filing the complaint.[4] However, a Doe defendant cannot be served with process until he or she is identified by his or her real name.[5] The Court will not investigate the names and identities of unnamed defendants. If Plaintiff identifies a John Doe, she must file a motion to substitute his or her true name in this case.[6] The Court may dismiss any unnamed defendants without further notice to Plaintiff if Plaintiff fails to (1) timely file a Notice of Substitution identifying the defendant by name and (2) serve that defendant within 90 days of the date of this order, unless Plaintiff seeks and is granted an extension of time.[7]

**IT IS THEREFORE ORDERED:**

1. Liberally construed, the Complaint contains sufficient facts, that accepted as true, state plausible claims for relief under the Fourteenth

---

[4] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[5] *See Merritt v. Cty. of Los Angeles,* 875 F.2d 765, 767-68 (9th Cir. 1989).

[6] *Wakefield,* 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants."). *See also Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citations omitted).

[7] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *see also Tabi v. Doe*, Case No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline; *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 2 of 9
Case 3:23-cv-00164-SLG    Document 14    Filed 10/02/24    Page 2 of 9

Amendment.

2.  Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on all Defendants is completed no later than **ninety (90) days from the date of this order**.[8] This means that within 90 days of the date of this order, Plaintiff must complete initial service of the Second Amended Complaint and Court-issued Summons in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

3.  Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4.  The Clerk of Court shall send **five summonses (AO 440)** to Plaintiff with this order.

5.  Plaintiff must complete one summons the Municipality of Anchorage and return it to the Court. Plaintiff shall retain the additional four summonses forms for potential future service on any John Doe, as further described below.

6.  If a summons has been properly completed, it will be issued by the Clerk. Plaintiff should make copied for her records.

7.  Plaintiff must follow Rule 4(j)(2) "Serving a State or Local Government" to properly effectuate service upon the Municipality of Anchorage. The Court provides the text of Rule 4(j)(2) for Plaintiff's guidance:

---

[8] *See* Fed. R. Civ. P. 4(m).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 3 of 9
Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 3 of 9

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[9]

8. The requirements of service are not considered met unless proof of service is filed with the Court within **ninety (90) days of this order**.[10]

9. Once Plaintiff identifies a Doe Defendant, she must timely file a motion to substitute that defendant's true name. Plaintiff must file a completed summonses form with any such motion.

10. The Court will dismiss any unnamed defendants without further notice to Plaintiff if Plaintiff fails to file a Notice of Substitution identifying the defendant, serve the Second Amended Complaint and summons on that defendant, and file Proof of Service on that defendant **within 90 days of the date of this order, unless Plaintiff seeks and is granted an extension of time**.[11]

11. Each Defendant shall have **21 days** after being served with the Second Amended Complaint and Court-issued summonses to file an Answer or otherwise respond.

---

[9] Alaska Rule of Civil Procedure 4(d)(9) sets forth the state rule for serving public corporations.

[10] Fed. R. Civ. P. Rule 4(l)(1).

[11] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); see also *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 4 of 9
Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 4 of 9

12. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and names of Defendants, and the title of the document, as illustrated on the first page of this order.[12]

13. Plaintiff shall serve a copy of all further filings submitted to the Court upon each Defendant who appears in this action, or, if an appearance has been entered by counsel for a Defendant, on that Defendant's attorney(s).[13] Plaintiff shall include with any original paper filed with the Clerk of Court a certificate stating the date that an exact copy of the document was mailed to each Defendant or Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date).
>
> (Signature)

Any paper received by a District Judge or Magistrate Judge that does not include a Certificate of Service indicating that each defendant was served with a copy of that document will be disregarded by the Court.

14. A motion should contain the information identified in the caption of this order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants so that the Court

---

[12] See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[13] See Fed. R. Civ. P. 5.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 5 of 9
Case 3:23-cv-00164-SLG    Document 14    Filed 10/02/24    Page 5 of 9

understands what the party is requesting, along with any relevant legal authority that supports the party's request. This Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

15. All documents filed with the Clerk of Court must contain an original signature. Self-represented litigants must file all documents conventionally, unless otherwise permitted by the Court's order.[14] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[15] If filing by mail, the documents must be mailed to the Court at the following address:

>U.S. District Court
>222 West 7th Avenue, #4
>Anchorage, Alaska 99513

16. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

17. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document

---

[14] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[15] Local Civil Rule 1.1(b)(5).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 6 of 9
Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 6 of 9

was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

18. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[16] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[17] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[18] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[19]

---

[16] Alaska Local Civil Rule 79.2(b).

[17] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed June 27, 2023).

[18] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed June 27, 2023).

[19] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added). *See also* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed June 27, 2023).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 7 of 9

Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 7 of 9

19. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[20] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

20. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[21] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to Plaintiff.

21. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. A plaintiff may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

---

[20] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[21] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 8 of 9

Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 8 of 9

DATED this 2nd day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00164-SLG, *Boudreau v. Municipality of Anchorage, et al.*
Order Directing Service & Response
Page 9 of 9
Case 3:23-cv-00164-SLG   Document 14   Filed 10/02/24   Page 9 of 9