# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRENDA BOUDREAU,

        Plaintiff,

  v.

MUNICIPALITY OF ANCHORAGE, *et al.*,

        Defendants.

Case No. 3:23-cv-00164-SLG

## ORDER ON PENDING MOTIONS

At Docket 16, Plaintiff Brenda Boudreau file a Motion for Subpoena Duces Tecum, and at Docket 19, Plaintiff filed a Motion to Subpoena John Doe Officers' Identities and Evidence and to Extend Deadline. Defendant Municipality of Anchorage filed an opposition to the motions and cross-moved for an order dismissing the unnamed officers from the complaint at Dockets 21 and 23.

The Court will accord Plaintiff additional time to identify and serve the unnamed Doe Defendants; specifically, the Court accords Plaintiff an additional 120 days to effect service by April 30, 2025. However, Plaintiff has not demonstrated that she has attempted, without success, to obtain the identifies of these officers through a public records request to the Anchorage Police Department ("APD"). The Court declines, therefore, to order the Municipality to provide this information at this time. Plaintiff may renew her motion for an order granting limited discovery as to the identity of the Doe Defendants upon a showing

that she has made prompt, diligent, and unsuccessful efforts to obtain the names of these individuals through the APD records portal. But she must do so in ample time to allow her to obtain the identity of those officers, file a motion to substitute their correct names into this case, and then serve a copy of an amended complaint naming each of them as Defendants and a court-issued summons upon each of them.

The Court notes that the incident that forms the basis of Ms. Boudreau's complaint is alleged to have occurred on February 19, 2023—less than two years ago. Plaintiff filed the complaint that instituted this case on July 20, 2023. The Court did not issue its first screening order several months later, on December 20, 2023.[1] Ms. Boudreau promptly filed a First Amended Complaint in response to that order in January 2024.[2] The Court entered its Second Screening Order on July 30, 2024, after this case had been reassigned to the undersigned judge.[3] Again, Ms. Boudreau promptly filed a Second Amended Complaint on August 29, 2024, to which the Court directed service and response within 90 days on October 2, 2024.[4] In sum, these filings demonstrate that Ms. Boudreau has been pursuing this case with some diligence and has not previously asked for extensions of time.

---

[1] Docket 6.

[2] Docket 8.

[3] Docket 12.

[4] Dockets, 13, 14.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Muni. of Anchorage, et al.*
Order on Pending Motions
Page 2 of 4
Case 3:23-cv-00164-SLG   Document 30   Filed 02/12/25   Page 2 of 4

Rule 4(m) of the Federal Rules of Civil Procedure sets up a two-step process for deciding whether to extend the prescribed time for the service of a complaint. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has discretion to dismiss without prejudice or to extend the time period."[5] Ms. Boudreau has not demonstrated good cause for her service delay, as she apparently has failed to date to contact the APD records portal, despite being informed of that resource in August 2024.[6] And she waited until the very last day possible to serve the Municipality with her complaint. Nonetheless, the Court in its discretion will extend the time period for the additional 120 days so as to accord Ms. Boudreau the opportunity to contact the APD records portal for the names of the officers, and file a motion with this Court to substitute the Doe Defendants with those officers if she is successful in obtaining the names through that portal, or filing a motion to enter an order for limited discovery of the officers' identities to be provided by the Municipality, but only if she is unsuccessful in obtaining the names of the officers through the portal. Ms. Boudreau should not wait until the final weeks or days of this 120 day extension to accomplish these tasks, as additional requests for extensions, if necessary, will require a showing of good cause—i.e. that she has

---

[5] *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R.Civ.P. 4(m); *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 2398, 1305 (3d Cir. 1995).

[6] Docket 16-1 at 9; Docket 21 at 3.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Muni. of Anchorage, et al.*
Order on Pending Motions
Page 3 of 4
Case 3:23-cv-00164-SLG   Document 30   Filed 02/12/25   Page 3 of 4

been diligently attempting to identify the Doe Defendants and pursue this lawsuit.

In light of the foregoing, IT IS ORDERED that the Motion for Subpoena Duces Tecum at Docket 16 is DENIED.[7] The motion at Docket 19 is DENIED insofar as it seeks a court-issued subpoena for the John Doe Officers' identities and other evidence at this time; the motion is GRANTED to extend Plaintiff's deadline to identify the Doe Defendants and serve them with a summons and complaint for 120 days, to April 30, 2025. Defendant Municipality of Anchorage's cross-motion to dismiss the unnamed officers at Docket 23 is DENIED.

DATED this 12th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] A subpoena is not necessary to obtain information from another party in a case. However, a party may seek an order authorizing that party to seek discovery from another party pursuant to Rule 26(d)(1) or through a Rule 34 request to a party at the outset of a case that has been served pursuant to Rule 26(d)(2)(A), Federal Rules of Civil Procedure

Case No. 3:23-cv-00164-SLG, *Boudreau v. Muni. of Anchorage, et al.*
Order on Pending Motions
Page 4 of 4
Case 3:23-cv-00164-SLG   Document 30   Filed 02/12/25   Page 4 of 4