Linda J. Johnson
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BRENDA BOUDREAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:23-cv-00164-SLG |

**MOTION TO DISMISS THE MUNICIPALITY**

Defendant Municipality of Anchorage (Municipality) moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims asserted against it in Counts III and IV in the Second Amended Complaint filed by Plaintiff Brenda Boudreau (Boudreau) for failure to state a claim upon which relief can be granted.

# I. STANDARD.

## A. Motion to Dismiss Standard.

Fed. R. Civ. P. 12(b)(6) permits a party to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007). The U.S. Supreme Court stated in *Ashcroft*, 556 U.S. at 679 that a court is not required to accept conclusions and speculation in adjudicating a motion to dismiss. A complaint's claims are plausible when the pleaded facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a motion to dismiss, the Court must accept a complaint's well pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to a plaintiff like Boudreau. *Adam v. U.S. Forest Service*, 671 F.3d 1138, 1142-43 (9th Cir. 2012). However, the trial court does not have to accept as true "conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tract Gut, LLC,* 836 F.3d 1146, 1150 (9th Cir. 2016). The Court should consider only "the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice." *Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020). But "a defendant may seek to incorporate a document into the

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 2 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 2 of 18

complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quotation marks omitted). In those circumstances, such a document is treated as part of a complaint itself, and its factual material may be evaluated along with the allegations in a complaint to determine whether the plaintiff has stated a claim on which relief could be granted. *Id.* Further, the Court is not required to accept as true any allegation that is clearly contradicted. See *Acosta v. City of Costa Mesa,* 718 F.3d 800, 826 (9th Cir. 2013).

### B. When Material Not Attached to the Complaint May Be Considered.

Materials not submitted as part of the complaint may be considered as part of a rule 12(b)(6) motion in certain circumstances. The U.S. Supreme Court has determined that on a motion to dismiss, review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

Specifically, documents not physically attached to the complaint may be considered by the court if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions authenticity of the copy attached to the motion. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). If the documents fit these criteria, they will not convert the motion to dismiss into a summary judgment motion.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 3 of 18
Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 3 of 18

The Court may take judicial notice of information on a government website. In other circumstances, *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010) found it appropriate to take judicial notice of information made publicly available on government websites where the authenticity of the information was not challenged.

**II FACTS.**

As stated in her Second Amended Complaint, Boudreau was pulled over in the early hours of February 19, 2923, while she was driving due to plates obscured by snow. *Id*. ¶5-6. She carried out a lengthy discussion with the officers about her "rights" including whether driving with obscured plates was a "criminal offense." *Id*. at ¶7.

In ¶21 of the Second Amended Complaint, Boudreau claimed that all "charges" against her were dismissed and included the Alaska State Superior Court Case Numbers 3AN-23-03469MO[1], 3AN-23-03470MO, 3AN-23-03471MO. However, these cases were *not* dismissed and are the basis of part of her complaint. 3AN-23-03469MO is listed in State Court System's Courtview database as a non-criminal violation of AMC 9.52.040 (Obscured tinted/dirty license plate). See also Dkt 13-1, page 3. The Court may take judicial notice of the State Court System's Courtview database, which constitutes government records on a state government website listing basic information about cases filed, for which no legitimate objection to its authenticity could be made. AMC 9.52.040 states that a person will not "be convicted if the person presents proof of correction to an inspection official ..."

---

[1] "MO" is short for "minor offense."

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 4 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 4 of 18

3AN-23-03470MO is listed in Courtview as a non-criminal violation of AMC 9.28.030(A) driving without proof of insurance.

3AN-23-03471MO is listed in Courtview as a non-criminal violation of AMC 9.48.080 Failure to Obey. The Municipal Code makes it a traffic citation to fail to correct a violation within the time allowed. Boudreau failed to correct or pay four minor offenses in 2022, easily referenced in Courtview. AMC 9.28.030(C) states:

> A person charged with violating this section may not be convicted if the person produces proof of motor vehicle liability insurance previously issued to the person that was valid at the time of the person's citation. Such proof may be presented at the Anchorage Police Department by the deadline stated on the citation, or after that deadline by requesting a traffic trial and presenting proof in court.

On the APD website, a general municipal government website for which no legitimate objection can be made, under the "correctable citations" tab, the website provided directions regarding how to address traffic citations that are "correctable" such as "proof of insurance" and "license plate" (the first two citations listed). The Court may take judicial notice that the directions on how to correct a traffics citation issued by the Anchorage Police Department was available to Boudreau, since it was available on a government website, The issue is directly relevant to her claim, the website is aimed to provide information to the public generally, and its authenticity is not in question.

In addition to the APD website, the Alaska Court System has a significant section dedicated to questions about "Traffic Cases (Minor Offenses)".[2] The topics include "What is a minor offense", "I just got a minor offense citation, what do I do now?" and "What

---

[2] See https://courts.alaska.gov/shc/mo/index.htm

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 5 of 18
Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 5 of 18

happens if I don't respond to the citation?" The authenticity and availability of the information on the Alaska Court System's website is not in question. The FAQs define a minor offense to include "municipal motor vehicle or traffic offense." The FAQs list the options for a person receiving a minor offense citation and the consequences of not responding. The FAQ specifically states:

> If you do not respond within 30 days, you will be sent a warning notice giving you 15 additional days to respond. If you do not respond after those 15 days, the court will enter default judgment against…

Therefore, according to the FAQ, it is *not* the Municipality that seeks entry of default judgment *nor* is it the Municipality that sends a warning of default. The Court System takes care of those due process details.

Further, the FAQ describes the fine and collection process if a ticket goes unpaid. None of that process includes an action by the Municipality of Anchorage. Instead, it is solely a court process.

Since Boudreau referenced the Notice of Decline and Expedited Request To Vacate Conditions of Release in her Second Amended Complaint at ¶21, the Municipality[3] has attached a copy of the document that dismissed her charges. Ex. A. The document was specific to *Municipality v. Boudreau*, Alaska State Superior Court No. 3AN-23-1329CR,[4] which was not a minor offense, it was a misdemeanor. The document does not reference any of the traffic citations, and cannot reasonably be interpreted as dismissing the citations,

---

[3] Boudreau stated unaccountably that "the State of Alaska dismissed all charges." It was the Municipal Prosecutor. If she knew her misdemeanor charge was dismissed, she should have known this detail.
[4] The case is no longer found in Courtview because charges were declined.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 6 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 6 of 18

which have separate court numbers, as noted by Boudreau in her Second Amended Complaint. Boudreau did not allege she didn't get a copy of the traffic violations that were sent to the State Court. She appears to have *assumed* that the dismissal of the misdemeanor by the Municipal Prosecutor included dismissal of the traffic tickets, which were filed after her 30-day window to correct the tickets had lapsed.

In ¶23 of the Second Amended Complaint, Boudreau stated that she submitted a public records request based on the Alaska Public Records Act, AS 40.25.100. In support of her claim, Boudreau attached to her complaint a records request she sent to the Alaska Court System. See Dkt 13-1, pages 1-2. The records request was not made to the Municipality. Clearly, the email attached at 13-1 page 3, asked the Alaska Court System to provide her with the documents contained in Superior Court Cases 3AN-23-03469MO, 3AN-23-03470MO, 3AN-23-03471MO. *Id*. As Boudreau stated in her email, she was requesting information about the traffic violations. *Id*.

Similarly, Boudreau attached Court System correspondence to a motion she filed with the Court for subpoena duces tecum. See Dkt 16, filed December 23, 2024. The motion was recently denied by the Court. Dkt 30. In the exhibit attached to her subpoena, Boudreau used the same supporting records request that sent to the Alaska Court System, regarding her traffic ticket file, where she demanded police reports, videos and audios. Dkt 16-1. But in that exhibit, she further attached an email where the Court System employee responded "we don't have any video or 'the police records of this traffic stop in its entirety. Including audio and visual'… you would have to contact the police those types of records."

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 7 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 7 of 18

See email from Leo Sheben, dated August 29, 2024, filed as Dkt 16-1, at 9. The Court may take judicial notice of records filed in its own database as authentic. The Court in its recent order permitted Boudreau to make a request to APD's record portal. See Dkt 30. The document is central to her claim, since it identified and directed her to apply to the correct entity for records, which she did not do.

In ¶29, Boudreau alleged that she was coerced to sign a release document, in violation of her rights. Because she referenced this document, the Municipality has attached the Order and Conditions – Release Per Schedule as Ex. B. She was charged not just with traffic offenses, but also for a violation of AMC 8.30.010(A)(6), specifically for disobeying a lawful order of a police officer. AMC 8.30.010(c) states that it was a class B misdemeanor.

## III. CLAIMS ALLEGED.

Boudreau alleged four counts, two of which were alleged against the Municipality.

In Count III, she claimed in ¶36(a) the Municipality had a custom or policy that allowed an officer to use excessive force and conduct unreasonable searches during routine traffic stops. In ¶36(b) she alleged it improperly training and supervising its officers regarding appropriate use of force and search procedures. In ¶36(c), she alleged it had a pattern of harassing and targeting Boudreau, as "evidenced by multiple similar incidents." And in ¶36(d) she said it had a policy or custom of processing dismissed charges through traffic court without proper notification, in violation of due process.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 8 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 8 of 18

In Count IV, Boudreau alleged due process violations against the Municipality. She asserted in ¶39(a) that the Municipality processed "dismissed" charges through traffic court without proper notification. In ¶39(b) she alleged she was found "guilty" of several traffic tickets "*in abstentia*" without an opportunity to defend herself. And in ¶39(c) she alleged the Municipality sent the "fine" to collections without proper notice to her.

## IV. ARGUMENT.

### A. The Municipality Is Not Vicariously Liable, as a Matter of Law.

Boudreau asserted a 42 U.S.C. §1983 claim against the Municipality and alleged that the Municipality was vicariously liable for the alleged actions of the officers. No vicarious liability arises against the Municipality pursuant to 42 U.S.C. §1983. *Monell v. Dept. of Soc. Serv., New York City,* 436 U.S. 658, 694-95 (1978). To establish a §1983 claim against the Municipality, Boudreau must prove (1) a violation of a federal right that is (2) attributable to a municipal policy or practice. Without an underlying constitutional violation, there can be no *Monell* claim. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Any claim of vicarious liability or *respondeat superior* must be dismissed.

### B. Policy, as well as Pattern and Practice Claims, Were Not Established.

To establish a *Monell* claim, Boudreau must allege (1) a violation of a federal right that is (2) attributable to a municipal policy or practice. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). As decided in *AE ex rel. Hernandez v. County*, stated:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 9 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 9 of 18

> taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*. at 637. Boudreau was given multiple attempts by the District Court to amend her complaint, yet she still failed to properly support her claims.

Fed. R. Civ. P. 8 requires Boudreau to provide a short plain statement of her claim, in order to give the Municipality fair notice of what her claim is and the grounds upon which it rests. To survive a motion to dismiss a *Monell* claim, Boudreau must allege an unconstitutional policy or practice, which "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy…" *Monell* at 691. Boudreau must adequately allege facts that plausibly suggest a policy or custom exists, as opposed to "random acts or isolated events." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1989), *overruled on other grounds by Bull v. City & Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc). See also *Williams v County of Los Angeles*, 2024 WL 2862587 (9th Cir. 2024). Under any theory of liability, the Municipality's customs and practices must be the cause-in-fact and proximate cause of the alleged constitutional violations. *E.g., Harper v. City of LA.,* 533 F.3d 1010, 1026 (9th Cir.2008).

Boudreau did not point to a single Municipal policy that would have caused the harm she alleged. She did not isolate any policy, even though Anchorage Police policies are on line and available to the public. Likewise, Boudreau failed to plead with any particularity that the Municipality had a policy or custom that caused a violation of her constitutional rights. See *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 10 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 10 of 18

986, 992–93 (9th Cir. 2011). This lack of specificity is fatal to her all the claims against the Municipality.

### C. Paragraph 36(a) of the Second Amended Complaint Did Not Name a Policy or Assert a Custom or Practice.

Boudreau's Second Amended Complaint ¶¶5 – 26 described the singular incident during which she was arrested on February 19, 2023 or the events that followed that particular incident. Her description of her own arrest does not assert a specific policy or a pattern and practice, which she alleged in ¶36(a) of her Second Amended Complaint.

Boudreau draws only from her own arrest that the Municipality violated her Fourth Amendment rights when she declared that the Municipality has a policy or custom of permitting officers to use excessive force and conduct unreasonable searches during routine traffic stops. ¶36(a). She did not allege an unconstitutional policy which was created by lawmakers or by those whose edicts or acts may fairly be said to represent official policy. Boudreau simply recited the elements of a *Monell* claim without actually articulating the facts necessary. Boudreau did not provide any factual basis to note a policy existed regarding use excessive force or to conduct unreasonable searches.

Boudreau did not describe a longstanding custom or practice. Instead, she alleged that the alleged actions taken solely against her during one traffic stop were wrong, and therefore concluded they were a violation of custom or practice. But a "practice" or "custom" must involve an act that is so "longstanding" that it "constitutes the standard operating procedure of the local government entity." *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). Boudreau did not recite any fact, nor did she

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 11 of 18

Case 3:23-cv-00164-SLG     Document 31     Filed 02/14/25     Page 11 of 18

articulate any act other than allegedly taken against her on February 19, 2023, that it was the Municipality's long-standing practice or custom to use excessive force or conduct unreasonable searches during routine traffic stops. Thus, Boudreau's pleading does not meet the standard required to bring a *Monell* claim against the Municipality. ¶36(a) must be dismissed.

### D. The Claim of Failure to Train in ¶36(b) Fails The Specificity Requirement.

When Boudreau brought her allegation of failure to adequately train or supervise on use of reasonable force and search and seizure in ¶36(b), she did not include the required facts sufficient to support a reasonable interference of the claim.

Boudreau was required to articulate the following elements: (1) a constitutional violation; (2) a municipal training policy that amounts to a deliberate indifference to constitutional rights; *and* (3) how the constitutional injury would not have resulted if the municipality properly trained their employees. *Benavidez v. County of San Diego,* 993 F.3d 1134, 1153-54 (9th Cir. 2021). A single instance of unlawful conduct is insufficient to state a claim for municipal liability under §1983. *Id*. at 1154. That a "particular officer may be unsatisfactorily trained will not, alone, suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id*. at 1154, citing *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989).

Boudreau's complaint failed to meet all the required elements. First, she failed to state that more than one officer had been unsatisfactorily trained, she only alleged that the officer who arrested her had not been trained. She did not specify what policy or procedure

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 12 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 12 of 18

caused the potential failure to train on use of force and search policies. She did not address how an alleged training policy was a deliberate indifference to her constitutional rights. And she did not address the requirement that the alleged use of force and alleged search and seizure violations would not have resulted if the officer had been "properly trained."

Boudreau failed to name what policy might have been violated. She did not enumerate any other case or stop may have been part of a pattern or custom that stemmed from an alleged failure to train. Boudreau complained about only the vehicle stop on February 19, 2023, which was apparently, an isolated incident. ¶36(b) must be dismissed.

### E. The Traffic Stop was Based on Probable Cause as a Matter of Law, and Was Not "Harassment" or "Targeting".

There must be an underlying constitutional violation in order to assert a *Monell* claim against the Municipality. A *Monell* violation is contingent on a violation of constitutional rights. See e.g. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held liable because no constitutional violation occurred"). Without the underlying constitutional violation, there can be no *Monell* claim. As a matter of law, the allegation in ¶36(c) about harassment and targeting does not meet that standard.

Boudreau's facts appear to be that she was pulled over for plates obscured by snow, which she claimed did not constitute probable cause. ¶5-7. The stop *was* based on probable cause. The Alaska Court of Appeals in *Way v. State*, 100 P.3d 902 (App. Alaska 2004), upheld probable cause for a stop in similar circumstances. In that case the angle of the attached license plate and the bend in it prevented the officer from viewing the plate, so

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 13 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 13 of 18

the officer pulled the car over for a violation, citing AS 28.10.070(b), which required that a plate be maintained in a location and condition so as to be clearly legible.

Similarly, the Anchorage Municipal Code 9.52.040 states:

No motor vehicle may be operated or parked on a street, highway or vehicular way or area within the municipality with any number, letter, or registration decal or sticker of a license plate obscured or covered by dirt or debris…

Applying the holding in *Way*, a violation of the ordinance due to obscured plates *did* establish probable cause to stop Boudreau because a violation of the ordinance constituted a traffic offense. It did was not a violation of her constitutional rights to stop Boudreau for obscured plates. As a matter of law the Municipality cannot be liable for a *Monell* action based on the facts in the Second Amended Complaint. There was no underlying violation.

Boudreau's allegation of "harassment and targeting" in ¶36(c) vaguely referenced "multiple similar incidents" but she qualified it as previous "harassment" and "targeting" against herself. She did not support her statement with a policy that was violated. Further, Boudreau did not enumerate the date, time, action, traffics stop, or other identifying information that would constitution "multiple similar incidents." Even if that phrase is taken as true by the Court, merely for purposes of this motion, Boudreau failed to describe a policy that was allegedly violated or how the single described stop constituted a custom or practice. She failed to articulate the necessary information required for sufficiency in a pleading. Boudreau's claim of "harassment" or "targeting in ¶36(c) should be dismissed.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 14 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 14 of 18

### F. No Deprivation of Rights Occurred By Processing Unpaid Tickets Through the Court.

As noted on the APD website, and in the Municipal Code, a person who receives a "correctable" ticket has 30 days in which to present to APD proof of correction before the ticket is filed with the Alaska State Court. See AMC 9.52.040 and AMC 9.28.030(C). If proof is presented, a correctable ticket is dismissed without fine. However, if a fine is not paid and is not corrected, it is processed through the Court.

Boudreau does not claim she attempted to present proof to APD of having "fixed" the license plate obstruction or providing proof of insurance. Instead, she apparently relied upon the dismissal of the misdemeanor charge forwarded to the Prosecutors office, and *assumed* the tickets were swept along. She did not pay her traffic citations. Boudreau's assumption and lack of action to assure her own rights were unreasonable.

As noted above, the Alaska Court System's website FAQs describe the process used for a traffic ticket, which include the manner in which it can be addressed and the consequence for not addressing it. Boudreau has had prior unpaid parking tickets, and failed to correct or pay four minor offenses in 2022, easily referenced in Courtview. Therefore, it would be unreasonable for her to claim she was unaware of the traffic ticket procedures in 2023. It would not be reasonable to permit a plaintiff to fail to educate themselves about how a traffic citation is taken care of after being issued a citation, and more unreasonable after multiple citations a year apart. Further, the traffic tickets were separate from the misdemeanor, and she should have known that from the documents regarding the charge against her. See Ex. A and B.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 15 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 15 of 18

Likewise, her due process allegations claiming to be tried "*in abstentia*," and without notice to her, are not allegations that can, as a matter of law, be sustained against the Municipality. ¶39(b). The Court System website FAQ states that the State Court System processes unpaid tickets and provides notice to offenders, and then sets the fine and collections if the ticket remains unpaid. None of that process involved the Municipality. There must be an underlying constitutional violation in order to assert a *Monell* claim against the Municipality. Beaudreau has failed to assert such a constitutional violation.

Boudreau failed to allege how her constitutional rights were violated. Even as she described the process, there was no underlying constitutional violation. Likewise, as a matter of law she cannot establish Municipality has policy or a custom or practice in place that amounted to deliberate indifference. See *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

The claims about the traffic tickets in ¶36(d), and ¶¶39(a) – (c) must be dismissed.

**G. Boudreau's Requests For Damages Do Not State Appropriate Claims For Relief as a Matter of Law.**

The Municipality does not agree with any of the damages requested by Boudreau. However, two should be dismissed as a matter of law.

### 1. Boudreau is Not Entitled to Attorney Fees.

In her prayer for relief, Boudreau seeks an award of attorney fees pursuant to 42 U.S.C. §1988. Boudreau is not represented by an attorney in this litigation, proceeding, as is her right, pro se.

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 16 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 16 of 18

The U.S. Supreme Court has firmly held that even if a pro se litigant like Boudreau prevailed, she may not collect attorney fees pursuant to §1988. See *Kay v. Ehrler*, 499 U.S. 432, 438 (1991). The request for attorney fees is without legal basis and should be dismissed.

### 2. Boudreau Did Not Submit a Records Request to the Municipality.

In her prayer for relief, Boudreau seeks an order requiring the Municipality to answer her "public records request." As noted in the attachments to her Second Amended Complaint, Boudreau did not submit a records request to the Municipality. Instead, she submitted one to the Alaska Court System. She was directed to APD but failed to file a records request at that time. The request for damages is without merit.

Further, in an Order at Dkt 30, the Court recently permitted Boudreau to make a limited request to APD's Records Portal to attempt to learn the names of the unnamed officers. See Dkt 30. The remainder of the discovery she seeks would be a part of discovery, if discovery becomes necessary. This "damage" is therefore unwarranted and/or moot.

## V. CONCLUSION.

For all the reasons described above, all of the claims in the Second Amended Complaint against the Municipality should be dismissed.

Respectfully submitted this 14th day of February, 2025.

EVA R. GARDNER
Municipal Attorney

By: *s/ Linda Johnson*
    Assistant Municipal Attorney
    P.O. Box 196650

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 17 of 18

Case 3:23-cv-00164-SLG    Document 31    Filed 02/14/25    Page 17 of 18

Anchorage, Alaska 99519-6650  
Phone: (907) 343-4545  
Fax: (907) 343-4550  
E-mail: uslit@muni.org  
Alaska Bar No. 8911070

Certificate of Service
The undersigned hereby certifies that on February 14, 2025, a true and correct copy of the foregoing was served via email on:

Brenda Boudreau
4800 W. Clayton St
Wasilla, AK 99623
boudreau.brenda88@gmail.com

/s *Linda Johnson*
Linda Johnson
Municipal Attorney's Office

Motion to Dismiss the Municipality
*Boudreau, Brenda v MOA - APD*; Case No. 3:23-cv-00164-SLG
Page 18 of 18

Case 3:23-cv-00164-SLG   Document 31   Filed 02/14/25   Page 18 of 18