IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ALASKA

RECEIVED

APR 11 2025

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

Brenda L Boudreau,
       Pro Se Plaintiff.

v.

MUNICIPALITY OF ANCHORAGE,
TYLER HALL, KADEN POHL,
MARVIN E. WEINRICK JR.,
DUSTIN BOYNTON,

       Defendants.

Case No. 3:23-cv-00164-SLG

# THIRD AMENDED COMPLAINT

## I. PARTIES

1. Plaintiff Brenda L. Boudreau is a resident of Alaska, with a mailing address of C/O Mark Blackford, 10167 Nantucket Loop, Anchorage, Alaska 99507.

2. Defendant Municipality of Anchorage is a municipal corporation organized under the laws of the State of Alaska, with its principal place of business at 632 West 6th Avenue, Anchorage, Alaska 99501.

3. Defendants Tyler Hall, Kaden Pohl, Marvin E. Weinrick Jr., and Dustin Boynton are officers of the Anchorage Police Department, employed by the Municipality of Anchorage, with a business address of 716 W 4th Ave, Anchorage, AK 99501. These officers are sued in their individual capacities.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendment rights.

Page | 1 of 8    3:23-cv-00164-SLG *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG    Document 37    Filed 04/11/25    Page 1 of 8

5. Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Anchorage, Alaska, and the defendants reside in this judicial district.

## III. STATEMENT OF FACTS

6. On February 19, 2023, during a snowy night in Anchorage, Alaska, Plaintiff Brenda L. Boudreau was lawfully operating her vehicle when she was subjected to a calculated and unconstitutional traffic stop by Anchorage Police Department officers.

7. On February 23, 2025, Plaintiff received the Anchorage Police Department's Computer-Aided Dispatch (CAD) report (See Exhibit A) through a public records request, which document was not previously available to Plaintiff during the preparation of prior complaints. This newly obtained CAD report provides critical contemporaneous documentation that reveals a systematic and deliberate violation of Plaintiff's constitutional rights:

   a) At 00:25:47, Officer Tyler Hall initiated a stop with absolutely no legitimate probable cause, merely observing a blue Chevrolet pickup truck.

   b) At 00:29:25, Officer Hall falsely claimed the driver (Plaintiff) was "refusing to identify," despite Alaska not being a mandatory identification state.

   c) At 00:30:00, Officer Hall explicitly admitted in official documentation that he had "NOTHING OTHER THAN OBS PLATE AND 10-32 REFUSING TO ID," conclusively demonstrating the complete absence of any legal justification for the stop.

8. The CAD report exposes a pre-meditated law enforcement action characterized by:
   - Immediate mobilization of multiple officers
   - Coordinated vehicle blockade
   - Escalation without legal foundation
   - Manufacturing of probable cause after the fact

Page | 2 of 8   3:23-cv-00164-SLG *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG   Document 37   Filed 04/11/25   Page 2 of 8

9. Within seconds of the initial stop (00:25:47 to 00:25:49), multiple backup officers were summoned, suggesting a pre-planned interdiction that violated Plaintiff's Fourth Amendment protections against unreasonable seizure.

10. At 00:40:20, Officer Kaden Pohl confirmed the vehicle was blocked in, despite the total absence of probable cause or reasonable suspicion of any criminal activity.

11. At 00:42:40, Officer Marvin E. Weinrick Jr. escalated the situation by making a provocative and unfounded statement about "getting the gun out of the vehicle," a clear intimidation tactic unsupported by any objective evidence.

12. The officers' actions represent a textbook example of pretextual policing, where law enforcement creates justification for a stop after the fact, directly contradicting constitutional protections established in Terry v. Ohio, 392 U.S. 1 (1968).

13. Despite the complete lack of probable cause, the officers:
    - Shattered the driver's side window
    - Forcibly removed Plaintiff from her vehicle
    - Conducted an invasive and humiliating search
    - Handcuffed Plaintiff
    - Impounded her vehicle
    - Coerced Plaintiff to sign her release or go to jail

Boudreau and her passenger Darden (See Exhibit B, Affidavit of Dustin Darden) were explaining to the APD officers that she committed no crime and she was extremely in fear of them because of their aggressiveness and even her passenger was in fear, both explained their constitutional rights but despite their pleas to APD to let them go, they proceeded to then use excessive and unreasonable force in violation of the Fourth Amendment.

When the officers busted her driver's side window, Boudreau, in a state of extreme duress and reasonable apprehension of imminent bodily harm, jumped over to the passenger side in fear for her

Page | 3 of 8   **3:23-cv-00164-SLG**   *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG     Document 37     Filed 04/11/25     Page 3 of 8

safety while begging Darden to help her. During this time, Plaintiff was crying and Darden pleaded with the officers not to harm her, clearly establishing that any reasonable officer would have recognized Plaintiff's severe emotional distress.

Officers pulled her through the broken glass, and while handcuffing her, one officer remarked, "Be careful!!!" upon noticing how small her wrists were, demonstrating awareness of the disproportionate force being applied. The officers first handcuffed Plaintiff and then subjected her to a provocative and inappropriate search, which felt like sexual molestation to her, by lifting her dress all the way up, exposing her panties in the police cruiser headlights while one officer was smirking and deriving pleasure from it, constituting an unreasonable search and sexually degrading treatment in violation of Plaintiff's constitutional right to bodily integrity and dignity. This search was conducted while Plaintiff was restrained and unable to protect herself, heightening the violation and humiliation.

While in handcuffs, the officers engaged in coercive tactics by forcing her to sign her own release under duress, threatening her with jail if she refused to sign, constituting an involuntary waiver of rights obtained through intimidation and coercion in violation of due process. Throughout this encounter, Plaintiff repeatedly requested a supervisor while in shock and reasonable fear for her life, which request was deliberately ignored, depriving her of procedural safeguards and further demonstrating deliberate indifference to her constitutional rights.

14. At a subsequent arraignment on April 10, 2023, the State of Alaska dismissed the criminal charge, acknowledging the lack of legitimate grounds for the initial encounter.

15. However, the Municipality of Anchorage continued to pursue traffic tickets arising from this unconstitutional stop, violating Plaintiff's due process rights.

16. The traffic tickets are legally null and void, as they are direct products of an illegal detention without probable cause, rendering them unenforceable under fundamental constitutional principles.

17. As a direct result of this unlawful encounter, Plaintiff:
    - Lost her vehicle
    - Became unemployed

Page | 4 of 8   3:23-cv-00164-SLG  *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG    Document 37    Filed 04/11/25    Page 4 of 8

- Experienced significant emotional and psychological trauma
- Was rendered homeless and still is today with several more illegal scoff law hooks afterwards. Also under threats by APD officers.

## IV. LEGAL CLAIMS

COUNT I: FOURTH AMENDMENT - UNREASONABLE SEIZURE
(Against All Individual Defendants)

18. Plaintiff re-alleges and incorporates all previous paragraphs.

19. The defendants conducted an unconstitutional seizure by:
    - Stopping Plaintiff without probable cause
    - Blocking her vehicle
    - Forcibly removing her from the vehicle
    - Conducting a warrantless and invasive search

20. The actions violated clearly established Fourth Amendment protections against unreasonable seizure, as articulated in Graham v. Connor, 490 U.S. 386 (1989).

## COUNT II: MUNICIPAL LIABILITY

(Against Municipality of Anchorage)

21. Plaintiff re-alleges and incorporates all previous paragraphs.

22. The Municipality of Anchorage is liable for:
    - Systemic failure to train officers in constitutional policing
    - Maintaining policies that encourage pretextual stops
    - Pursuing invalid traffic citations
    - Violating due process through administrative proceedings

## COUNT III: DUE PROCESS VIOLATION

(Against Municipality of Anchorage)

23. Plaintiff re-alleges and incorporates all previous paragraphs.

24. The Municipality violated Plaintiff's Fourteenth Amendment due process rights by:
    - Issuing traffic tickets from an illegal stop
    - Processing citations without legal foundation
    - Pursuing administrative penalties without justification

Page | 5 of 8   3:23-cv-00164-SLG  *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG    Document 37    Filed 04/11/25    Page 5 of 8

## COUNT IV: EXCESSIVE FORCE
(Against All Individual Defendants)

25. Plaintiff re-alleges and incorporates all previous paragraphs.

26. The defendants used objectively unreasonable and grossly disproportionate force during the traffic stop, including:
    - Shattering the driver's side window without provocation
    - Forcibly removing Plaintiff from her vehicle
    - Applying handcuffs despite no resistance or threat
    - Conducting an invasive search without probable cause

27. The force used was entirely unnecessary and dramatically exceeded any legitimate law enforcement purpose, violating clearly established standards articulated in Graham v. Connor, 490 U.S. 386 (1989), which requires an objective reasonableness standard considering:
    - The severity of the crime at issue
    - Whether the suspect posed an immediate threat
    - Active resistance to arrest or attempt to evade

28. A reasonable officer in the same circumstances would not have employed such aggressive and destructive tactics against an individual who posed no threat and was not suspected of any serious criminal activity.

29. The defendants' actions demonstrate a willful disregard for Plaintiff's constitutional rights and a pattern of using excessive, militarized force during routine traffic encounters.

30. As a direct result of this excessive force, Plaintiff suffered:
    - Physical injuries from broken glass
    - Severe emotional distress now suffers from PTSD
    - Humiliation and loss of dignity
    - Loss of transportation and employment rendering her homeless

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages of $15,000,000 for constitutional violations

B. Punitive damages of $250,000 to deter future misconduct

C. Complete expungement of all traffic citations and that they be stricken from Plaintiff's record

D. Injunctive relief preventing future similar actions

E. Full restoration of Plaintiff's driving privileges

Page | 6 of 8   3:23-cv-00164-SLG  *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG    Document 37    Filed 04/11/25    Page 6 of 8

F. Monetary value of vehicle(s) impounded

G. Costs associated with Pro Se Legal work including hours of research and document production while having to fight an illegal and injustice system call the Municipality of Anchorage Real Team of Attorneys not fighting for the Constitution Rights of Citizens

H. Compensation for receiving yet another charge in Palmer, AK for criminal driving on suspended due to this illegal case and STILL fighting it for 7 months

I. Such other relief as the Court deems just and proper

Respectfully submitted,

Brenda L. Boudreau
10167 Nantucket Loop
Anchorage AK 99507
907-302-7803
Bboudreau.legal@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing 3rd Amended Complaint was served on:

Joseph Forrest Busa
Municipality of Anchorage
632 W 6th Avenue, Suite 730
Anchorage, AK 99501
907-343-4357
Email: joseph.busa@anchorageak.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Linda J. Johnson
Municipality of Anchorage
632 W 6th Avenue, Suite 730
Anchorage, AK 99501
907-343-4545
Fax: 907-343-4550
Email: uslit@muni.org
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Jason Anthony Thomas
Municipality of Anchorage

Page | 7 of 8   3:23-cv-00164-SLG *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG   Document 37   Filed 04/11/25   Page 7 of 8

Dept of Law, Civil
PO Box 196650
Anchorage, AK 99519
907-343-4545
Email: jason.thomas@anchorageak.gov

By __x__ email and by electronic means through the ECF system as indicated on the Notice of Electronic Filing, this __11__ day of April, 2025.

_____
BRENDA L. BOUDREAU
Pro Se Plaintiff
10167 Nantucket Loop
Anchorage, AK 99507
907-302-7803
Bboudreau.legal@gmail.com

# ATTACHMENTS

## EXHIBIT A _____

ANCHORAGE POLICE DEPARTMENT COMPUTER-AIDED DISPATCH (CAD) REPORT
Dated: February 19, 2023
Received through public records request on February 23, 2025

---

## EXHIBIT B _____

**AFFIDAVIT OF DUSTIN DARDEN**
Passenger and Witness to Events of February 19, 2023

Page | 8 of 8   3:23-cv-00164-SLG  *Boudreau v Municipality of Anchorage, et al*
Document: 3rd Amended Complaint, Dated 4/11/25

Case 3:23-cv-00164-SLG   Document 37   Filed 04/11/25   Page 8 of 8