# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRENDA BOUDREAU,<br><br>                Plaintiff,<br>    v.<br><br>MUNICIPALITY OF ANCHORAGE, *et al.*,<br><br>                Defendants. | Case No. 3:23-cv-00164-SLG |

## ORDER ON MOTION TO DISMISS THE MUNICIPALITY

Before the Court at Docket 31 is Defendant Municipality of Anchorage's (the "Municipality") Motion to Dismiss the Municipality. Plaintiff Brenda Boudreau did not file a response.

## BACKGROUND

This suit arises from an incident, as alleged in Plaintiff's Second and Third Amended Complaints, in which Plaintiff was forcibly removed from her vehicle during a traffic stop by several Defendant Anchorage Police Department officers.[1] Plaintiff was stopped by Defendant Officer Tyler Hall because snow obscured her

---

[1] Docket 13 at ¶¶ 3, 5-12; Docket 37 at ¶¶ 3, 6-13. Defendant Municipality's Motion to Dismiss was filed after Plaintiff filed her Second Amended Complaint but before she filed her Third Amended Complaint. The Court considers the allegations in both Complaints here because, as explained below, neither Complaint—alone or in combination—adequately states a claim against Defendant Municipality.

license plate.[2] Defendant Hall asked Plaintiff to identify herself, and she responded that identification was not required by law.[3] Defendant officers told Plaintiff to exit her vehicle, and she asked to see a warrant.[4] Defendant Officer Kaden Pohl arrived at the scene and "confirmed the vehicle was blocked in,"[5] and Defendant Officer Marvin Weinrick Jr. "escalated the situation by making a provocative and unfounded statement about 'getting the gun out of the vehicle.'"[6] Defendant officers then "suddenly and violently shattered the driver's side window" and "forcibly pulled Plaintiff through the broken window."[7] Defendant officers handcuffed and searched Plaintiff and then placed her in the back of a police car.[8] Defendant officers then "coerced Plaintiff to sign a release document, threatening to take her to jail if she refused,"[9] and impounded Plaintiff's vehicle.[10]

Plaintiff was charged with a criminal offense, which was dismissed at Plaintiff's arraignment on April 10, 2023.[11] "Despite the dismissal of charges on

---

[2] Docket 13 at ¶ 6; Docket 37 at ¶ 7.

[3] Docket 13 at ¶ 9; Docket 37 at ¶ 7

[4] Docket 13 at ¶¶ 8, 10.

[5] Docket 37 at ¶ 10.

[6] Docket 37 at ¶ 11.

[7] Docket 13 at ¶¶ 11-12; Docket 37 at ¶ 13.

[8] Docket 13 at ¶¶ 13-18; Docket 37 at ¶ 13.

[9] Docket 13 at ¶ 19; Docket 37 at ¶ 13.

[10] Docket 13 at ¶ 20; Docket 37 at ¶ 13.

[11] Docket 13 at ¶ 21; Docket 37 at ¶ 14.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 2 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 2 of 13

April 10, 2023, the Municipality of Anchorage and/or the Anchorage Police Department subsequently processed the dismissed tickets through traffic court without Plaintiff's knowledge or proper notification."[12]

Plaintiff brings four claims: (1) excessive force in violation of the Fourth Amendment against Defendant officers; (2) unreasonable search in violation of the Fourth Amendment against Defendant officers; (3) a *Monell* claim against Defendant Municipality;[13] and (4) a due process violation pursuant to the Fourteenth Amendment against Defendant Municipality.[14] Defendant Municipality moves to dismiss the two claims brought against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[15]

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action includes a claim arising under federal law, 42 U.S.C. § 1983.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim upon which relief can be granted." "To

---

[12] Docket 13 at ¶ 24; *see* Docket 13 at ¶¶ 25-26; Docket 37 at ¶¶ 14-15.

[13] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[14] Docket 13 at ¶¶ 27-40; Docket 37 at ¶¶ 18-30.

[15] Docket 31 at 1.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 3 of 13
Case 3:23-cv-00164-SLG     Document 38     Filed 05/30/25     Page 3 of 13

survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[17]

## II. Leave to Amend Complaint

If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule of Civil Procedure 15 provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has held that "this policy is to be applied with extreme liberality."[18] "A complaint should not be dismissed without leave to amend unless amendment would be futile."[19] Amendment may be considered futile when the claims lack a cognizable legal basis[20] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[21] Further, a plaintiff's repeated failure to cure a complaint's deficiencies

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[18] Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[19] *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (citing *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

[20] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[21] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks and

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 4 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 4 of 13

constitutes "a strong indication that the [plaintiff has] no additional facts to plead" and that "any attempt to amend would be futile."[22]

### III. *Monell* Liability

A local governing body is not liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[23] "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[24] Liability of a municipality under § 1983 "may attach when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."[25]

## DISCUSSION

Before turning to the merits of the Municipality's motion to dismiss, the Court addresses Plaintiff's Third Amended Complaint. The Court previously allowed Plaintiff to file an amended Complaint to substitute Defendant Anchorage Police

---

citation omitted).

[22] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks and citation omitted); *see also Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

[23] *Monell*, 436 U.S. at 691.

[24] *Id.* (emphasis omitted).

[25] *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 5 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 5 of 13

Department officers for the John Does named in this case.[26] The Court ordered that Plaintiff "file a Third Amended Complaint that is identical in all respect[s] to the Second Amended Complaint filed at Docket 13, except that it substitutes each of the above-named Defendants in the place of each John Doe Defendants."[27] However, a review of Plaintiff's Third Amended Complaint shows that Plaintiff added allegations and reorganized the Second Amended Complaint such that the Second and Third Amended Complaints are not "identical in all respects."[28] The Court has the authority to issue sanctions up to and including dismissal of this action for a party's failure to follow the Court's orders.[29] Nonetheless, in the interest of judicial efficiency, the Court will accept Plaintiff's Third Amended Complaint as filed.

### I. *Monell* Claim

In the Second Amended Complaint, Plaintiff alleges that Defendant Municipality "has a policy or custom of allowing officers to use excessive force and conduct unreasonable searches during routine traffic stops;" "has failed to properly train and supervise its officers in appropriate use of force and search procedures"; "has a pattern of harassing and targeting the Plaintiff, as evidenced by multiple

---

[26] Docket 36.

[27] Docket 36 at 2.

[28] *Compare* Docket 13, *with* Docket 37.

[29] Rule 41(b) of Federal Rules of Civil Procedure permits dismissal of an action due to a plaintiff's failure to prosecute or comply with a court order.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 6 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 6 of 13

similar incidents"; and "has a policy or custom of processing dismissed charges through traffic court without proper notification, in violation of due process rights."[30] In the Third Amended Complaint, Plaintiff contends that Defendant Municipality is liable pursuant to *Monell* for a "[s]ystemic failure to train officers in constitutional policing"; "[m]aintaining policies that encourage pretextual stops"; "[p]ursuing invalid traffic citations"; and "[v]iolating due process through administrative proceedings."[31]

Defendant Municipality contends that the *Monell* claim must be dismissed because Plaintiff "did not point to a single Municipal policy that would have caused the harm she alleged," nor did she "describe a longstanding custom or practice."[32] As to Plaintiff's failure to train claim, Defendant Municipality maintains that Plaintiff "failed to state that more than one officer had been unsatisfactorily trained" and she "did not specify what policy or procedure caused the potential failure to train on use of force and search policies."[33] Defendant Municipality also asserts that Plaintiff has not alleged that a municipal policy has resulted in her "targeting" or "harassment," and that she failed to allege adequate facts supporting her assertion

---

[30] Docket 13 at ¶ 36.

[31] Docket 37 at ¶ 22.

[32] Docket 31 at 10-11.

[33] Docket 31 at 12-13.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 7 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 7 of 13

that similar incidents had occurred in the past.[34] Regarding Plaintiff's claim that Defendant Municipality has a policy or custom of processing traffic citations without notification, Defendant Municipality contends that Plaintiff was stopped based on probable cause, as her obscured license plate violated Alaska and Municipal law, and that the Alaska Court System, which is a part of the state government, and not the Municipality, is responsible for processing traffic citations.[35]

For Defendant Municipality to be liable to Plaintiff for the alleged constitutional violations, Plaintiff must show that the Defendant officers acted "pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."[36] As Defendant Municipality points out, Plaintiff has not alleged any expressly adopted official policy or action by a final policymaker that could have caused the alleged constitutional violations. And Plaintiff has not alleged that a municipal practice or custom caused the alleged constitutional violations. While she alleges that similar conduct has occurred on multiple occasions, she fails to plead facts supporting that assertion. Plaintiff's allegations also fail to state a claim for failure to train or supervise, as there are no factual allegations in either Complaint showing how training or supervisory policies, or a lack thereof, caused the alleged violations of her constitutional rights. As to

---

[34] Docket 31 at 14.

[35] Docket 31 at 14-15.

[36] *Thomas*, 763 F.3d at 1170; *see also* Docket 6 at 9-10; Docket 12 at 8-10 (screening orders explaining the elements of a *Monell* claim).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 8 of 13
Case 3:23-cv-00164-SLG     Document 38     Filed 05/30/25     Page 8 of 13

Defendant Municipality, Plaintiff's Complaints only contain conclusory allegations without factual support, which is insufficient to state a claim. The Court therefore dismisses Plaintiff's *Monell* claim.

Further, Plaintiff has had multiple opportunities to sufficiently state a *Monell* claim.[37] The Court issued two screening orders in this case explaining the elements of a *Monell* claim and finding that Plaintiff's previous pleadings failed to state a *Monell* claim.[38] For example, the Second Screening Order issued on July 30, 2024, explained how to plead a *Monell* claim based on all potential theories of municipal liability under *Monell*.[39] That order then found that Plaintiff's First Amended Complaint failed to plead sufficient facts to state a *Monell* claim under any theory of liability.[40] As explained above, Plaintiff's Second and Third Amended Complaints also fail to state a *Monell* claim. The Court's "discretion to deny leave to amend is particularly broad where[, as here,] the plaintiff has previously amended the complaint."[41] Plaintiff's repeated failure to state a *Monell* claim constitutes "a strong indication that the plaintiff[ has] no additional facts to plead"

---

[37] *See* Docket 6 (Screening Order); Docket 12 (Second Screening Order); Docket 13 (Second Am. Compl.).

[38] *See* Docket 6 at 9-10; Docket 12 at 8-10.

[39] Docket 12 at 9-10; *see also* Docket 6 at 9-10.

[40] Docket 12 at 10; *see also* Docket 6 at 10.

[41] *San Francisco Herring Ass'n v. Dep't of the Interior,* 946 F.3d 564, 582 (9th Cir. 2019) (internal quotation marks omitted) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 9 of 13

Case 3:23-cv-00164-SLG     Document 38     Filed 05/30/25     Page 9 of 13

and "any attempt to amend would be futile."[42] As such, the Court finds that amendment of Plaintiff's *Monell* claim would be futile and the Court dismisses the *Monell* claim against Defendant Municipality without leave to amend.

## II. Due Process Claim

In the Second Amended Complaint, Plaintiff alleges that Defendant Municipality violated her procedural due process rights by "[p]rocessing dismissed charges through traffic court without proper notification"; "[f]inding Plaintiff guilty in absentia without affording her the opportunity to defend herself"; and "[s]ending fines to collections without proper notice or opportunity for Plaintiff to contest the charges."[43] In the Third Amended Complaint, Plaintiff contends that Defendant Municipality violated her due process rights by "[i]ssuing traffic tickets from an illegal stop"; "[p]rocessing citations without legal foundation"; and "[p]ursuing administrative penalties without justification."[44]

Defendant Municipality contends that Plaintiff's due process claim must be dismissed because the traffic tickets were separate from Plaintiff's criminal misdemeanor charge and the tickets remained pending even after the criminal charge was dismissed.[45] Further, Defendant Municipality contends that the Alaska

---

[42] *Zucco Partners, LLC,* 552 F.3d at 1007 (internal quotation marks and citation omitted).

[43] Docket 13 at ¶ 39.

[44] Docket 37 at ¶ 24.

[45] Docket 31 at 15.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 10 of 13
Case 3:23-cv-00164-SLG   Document 38   Filed 05/30/25   Page 10 of 13

Court System, not the Municipality, processes traffic tickets, provides notice to those named on the citation, and sets any fine and pursues collections if the ticket is unpaid.[46]

A municipality may be liable for a due process violation if its policy, practice, or final policymaker caused a violation of a plaintiff's constitutional rights. However, as Defendant Municipality correctly notes, it does not process traffic citations. Rather, traffic citations are administered by the Alaska Court System.[47] Pursuant to the Alaska Rules of Minor Offense Procedure, promulgated by the Alaska Supreme Court, a minor offense includes "any municipal motor vehicle or traffic offense for which a fine amount has been established in a fine schedule adopted by municipal ordinance under AS 28.05.151."[48] Alaska Statute § 28.05.151(a) provides that "[a] municipality shall determine by ordinance the municipal motor vehicle and traffic offenses that may be disposed of without court appearance and shall establish a fine schedule for each offense." In Anchorage Municipal Code § 9.48.130, the Municipality identified which vehicle offenses

---

[46] Docket 31 at 6, 16.

[47] Docket 31 at 6; *see Zok v. Mun. of Anchorage*, 41 P.3d 154, 155 (Alaska Ct. App. 2001) (noting that the plaintiff was given a traffic citation and given the option to pay the fine or appear in court to contest the ticket and that when the plaintiff failed to pay or appear in court, the court entered a default judgment against him); *Solotov v. State*, Case Nos. A-7359, 4257, 2000 WL 1124498, at *1 (Alaska Ct. App. Aug. 9, 2000) (recounting that the plaintiff had been given a correctable traffic citation, to which the plaintiff failed to respond, the state court mailed a notice that it intended to enter default judgment against the plaintiff, and the state court entered a judgment of conviction against plaintiff pursuant to District Court Criminal Rule 8(d)(5)).

[48] Alaska R. Minor Offense P. 2(c).

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 11 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 11 of 13

would be disposed of with payment of a fine in lieu of a court appearance. The three vehicle offenses with which Plaintiff was charged—violations of Anchorage Municipal Code §§ 9.28.030A, 9.48.080, and 9.52.040—are all listed in § 9.48.130.[49] As such, all three of Plaintiff's vehicle citations were administered pursuant to the state court's Rules of Minor Offense Procedure. Under Rule 9, if a defendant fails to respond to a citation after the state court has provided notice to the defendant, the state court may enter default judgment against the defendant. Therefore, Defendant Municipality did not cause the purported due process violations that Plaintiff alleges.

As to Plaintiff's allegation that the citations themselves were unlawful, the Alaska state court provides a procedure for challenging traffic citations. While Plaintiff alleges that the traffic citations were processed without "proper notification," as noted above, the Municipality is not responsible for providing notice to individuals charged with traffic citations once the citations are being processed by the state court.

As such, the Court dismisses the due process claim as to Defendant Municipality. The Court does not grant Plaintiff leave to amend this claim because

---

[49] The Court takes judicial notice of Plaintiff's non-criminal matters in the Alaska District Court in *Municipality of Anchorage v. Boudreau*, Case No. 3AN-23-03469MO; *Municipality of Anchorage v. Boudreau*, Case No. 3AN-23-03470MO; *Municipality of Anchorage v. Boudreau*, Case No. 3AN-23-03471MO. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)); Fed. R. Evid. 201.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 12 of 13
Case 3:23-cv-00164-SLG   Document 38   Filed 05/30/25   Page 12 of 13

amendment would be futile as "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[50]

## CONCLUSION

Defendant Municipality's Motion to Dismiss Municipality at Docket 31 is GRANTED. Plaintiff's *Monell* and due process claims against Defendant Municipality are DISMISSED without leave to amend. The Clerk of Court is directed to terminate the Municipality of Anchorage as a defendant in this case.

DATED this 30th day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[50] *Missouri ex rel. Koster*, 847 F.3d at 656.

Case No. 3:23-cv-00164-SLG, *Boudreau v. Mun. of Anchorage, et al.*
Order on Motion to Dismiss the Municipality
Page 13 of 13
Case 3:23-cv-00164-SLG    Document 38    Filed 05/30/25    Page 13 of 13