IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ALASKA

**RECEIVED**
JUN 23 2025
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

BRENDA BOUDREAU,

    Plaintiff,

v.

TYLER HALL, KADEN POHL,
MARVIN E. WEINRICK JR., and
DUSTIN BOYNTON,

    Defendants.

Case No. 3:23-cv-00164-SLG

# RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS

## I. INTRODUCTION

Defendants' motion to dismiss must be denied because their own Computer Aided Dispatch (CAD) records provide devastating objective evidence that systematically contradicts every major argument in their motion. The CAD timeline reveals a pre-planned, unconstitutional stop that violates clearly established Fourth Amendment rights under Rodriguez v. United States, 575 U.S. 348 (2015), and defeats any claim to qualified immunity.

Most damning to defendants' case: their own dispatch records show officers admitted having "NOTHING" as justification for the stop while simultaneously calling backup within two seconds of initiation. This real-time confession of lacking reasonable suspicion, documented in defendants' own records, establishes constitutional violations that no motion to dismiss can overcome.

Page 1 of 10    *3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS   Document 47   Filed 06/23/25   Page 1 of 10

## II. STANDARD FOR MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The Court cannot dismiss claims that are "plausible on their face" based on factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Critically, when internal police records contradict defendants' sworn statements, courts must resolve all contradictions in favor of the plaintiff and deny motions to dismiss. The CAD records here provide precisely such contradictory objective evidence.

## III. THE STATE OF ALASKA'S DISMISSAL PROVES NO CRIME OCCURRED

THE STATE OF ALASKA DISMISSED ALL CHARGES AND STATED PLAINTIFF COMMITTED NO CRIME. This judicial finding completely destroys defendants' entire justification for the stop, detention, and arrest. When the state prosecutor reviews the evidence and dismisses charges stating "no crime occurred," defendants cannot claim reasonable suspicion or probable cause existed.

### A. State Dismissal Proves Lack of Probable Cause

At arraignment, the State of Alaska dismissed all charging documents and explicitly stated Plaintiff committed no crime. This prosecutorial determination based on review of all evidence proves:

1. No criminal activity occurred - State's explicit finding
2. No traffic violations existed - All charges dismissed
3. Officers lacked probable cause - State found insufficient evidence for any crime
4. Stop was entirely pretextual - No legitimate law enforcement purpose

Under Beck v. Ohio, 379 U.S. 89 (1964), probable cause requires facts that would lead a reasonable person to believe a crime occurred. When the state prosecutor – after reviewing all evidence – states no crime occurred, defendants cannot claim reasonable suspicion existed.

### B. Municipal Traffic Court Violations Due Process

Despite the state dismissal stating no crime occurred, defendants improperly ran traffic citations through municipal court and found Plaintiff guilty without her knowledge or presence on the following invalid tickets:

Page 2 of 10    3:23-cv-00164-SLG    *Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 2 of 10

- 3AN-23-03469M0 - Obscured/tinted/dirty license plates
- 3AN-23-03470M0 - Driving without proof of insurance
- 3AN-23-03471M0 - Failure to obey

These municipal court proceedings violate multiple constitutional rights:

- Due Process Clause - conviction without notice or opportunity to be heard
- Double Jeopardy - prosecution after state dismissal finding no crime occurred
- Void Ab Initio - municipal court lacked jurisdiction after state dismissal
- Procedural Due Process - secret proceedings without defendant present
- Collateral Estoppel - state finding of "no crime" bars subsequent prosecution

The municipal convictions are VOID and must be dismissed. When the state prosecutor determines no crime occurred after reviewing all evidence, municipal courts cannot subsequently find violations based on the same conduct. The state's dismissal has preclusive effect on any subsequent municipal prosecution.

Plaintiff demands these invalid convictions be expunged from her record as part of the relief sought in this federal civil rights action. The convictions were obtained through constitutional violations and lack any legal foundation after the state's dismissal.

### C. State Dismissal Defeats All Defense Arguments

The state's finding that "no crime occurred" defeats every argument in defendants' motion:

1. No "obscured plates" violation - State found no traffic violation
2. No basis for demanding ID - No criminal activity to investigate
3. No justification for arrest - Cannot arrest for non-existent crimes
4. No search authority - No lawful arrest to support search
5. All force was excessive - Used against innocent person committing no crime

When the state prosecutor states no crime occurred, defendants cannot overcome this judicial finding through motion practice.

## IV. THE CAD RECORDS DEMOLISH DEFENDANTS' ARGUMENTS

### A. The CAD Timeline Proves No Reasonable Suspicion Existed

00:25:47 – Initial stop time
00:25:49 – Backup called (only 2 seconds after stop initiation)

Page 3 of 10   3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS   Document 47   Filed 06/23/25   Page 3 of 10

00:30:00 – Officer admits having "NOTHING" other than plate observation
00:40:20 – Vehicle blocked despite admitting no probable cause
01:02:18 – Scofflaw citations mentioned for the first time – 37 minutes later
This timeline proves multiple constitutional violations:

1. Illegal surveillance - Officers followed Plaintiff while she was committing no crime
2. Pre-planned harassment - Backup called within 2 seconds proves pre-planning
3. No reasonable suspicion - Officers admitted having "NOTHING" as justification
4. Alaska is not stop-and-ID - No authority to demand identification absent criminal activity
5. Pretextual enforcement - 37-minute delay before mentioning any actual violations

Rodriguez v. United States establishes that traffic stops cannot be extended without reasonable suspicion. 575 U.S. at 354-55. Here, officers admitted having "NOTHING" at 00:30:00, yet continued detaining plaintiff for over 30 additional minutes. This constitutes an obvious Fourth Amendment violation.

Defendants claim "probable cause" for an "obscured plates" stop, but the State of Alaska's dismissal stating no crime occurred and their own CAD records prove this justification is fabricated. The critical evidence from defendants' own dispatch system:

The CAD records contain multiple admissions proving constitutional violations:

1. "I HAVE NOTHING OTHER THAN OBS PLATE AND 10-32 REFUSING TO ID" (00:30:00)
2. Officers had photos ready to identify occupants before contact
3. Backup called within 2 seconds - proving pre-planning
4. Weapons referenced at 00:42:40 without any documented justification
5. Scofflaw citations not mentioned until 01:02:18 - proving pretextual nature

These admissions constitute party admissions under Fed. R. Evid. 801(d)(2) and cannot be contradicted by defendants' litigation positions. When officers admit in real-time they have "NOTHING" as justification, no subsequent motion papers can cure this constitutional violation.

C. The Stop Was Pre-Planned Harassment, Not Legitimate Law Enforcement

The CAD evidence proves systematic harassment:

- Illegal surveillance and following before any claimed violation
- No criminal activity - Plaintiff legally parked and resting
- Photos ready before contact - showing pre-identification and targeting

Page 4 of 10    3:23-cv-00164-SLG    Boudreau vs APD Officers    June 23, 2025
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 4 of 10

- Alaska is not a stop-and-ID state - no obligation to provide identification
- Multiple units responding immediately - disproportionate for routine traffic stop
- No immediate citation - scofflaw not mentioned until 37 minutes later
- Reference to "15 more prior incidents" - proving pattern of harassment

This evidence supports claims under both the Fourth Amendment (unreasonable seizure), Fourteenth Amendment (selective enforcement/harassment), and potentially stalking/surveillance violations.

C. Illegal Surveillance and Stalking Preceded Pretextual Stop

**V. DEFENDANTS' SPECIFIC ARGUMENTS FAIL**

A. No Probable Cause for "Obscured Plates" Stop

The State of Alaska's dismissal stating no crime occurred definitively proves no probable cause existed. Defendants' Way v. State citation is inapposite. That case involved an officer unable to read license plates due to angle and damage. Here, the CAD records prove officers could observe and record the plate number, defeating any "obscured" claim.

Most importantly, the state prosecutor's finding that no crime occurred after reviewing all evidence conclusively establishes that no traffic violation existed. Courts cannot ignore this judicial determination in favor of defendants' litigation claims.

More importantly, officers' own admission of having "NOTHING" as justification proves they knew the obscuration claim lacked merit. Courts cannot ignore officers' real-time admissions contradicting their litigation positions.

B. No Legitimate Basis for Demanding Identification – Alaska Is Not a Stop-and-ID State

Defendants fundamentally misunderstand Alaska law and the Fourth Amendment. Alaska is not a "stop and identify" state - citizens have no obligation to provide identification absent reasonable suspicion of criminal activity. Defendants' citation to AS 28.15.131(a) is misplaced because:

1. No criminal activity was occurring - Plaintiff was legally parked and resting
2. No valid traffic stop existed - Officers admitted having "NOTHING" as justification  3. Alaska lacks stop-and-ID authority - Unlike some states, Alaska has no statute requiring identification during investigative stops

Page 5 of 10    3:23-cv-00164-SLG    Boudreau vs APD Officers   June 23, 2025
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 5 of 10

4. The statute requires lawful driving - AS 28.15.131(a) applies to active driving, not parked vehicles

The CAD records (Exhibit A) prove officers followed and conducted illegal surveillance of Plaintiff before initiating contact. This transforms the encounter from a traffic stop into unlawful stalking and harassment. When officers follow citizens looking for pretextual reasons to stop them, any subsequent detention violates the Fourth Amendment.

Rodriguez v. United States prohibits extending stops without reasonable suspicion. Here, officers extended the stop for 37 minutes while admitting they lacked justification – compounding the constitutional violation.

B. Officers' Real-Time Admissions Establish Constitutional Violations

The CAD evidence, combined with Plaintiff's allegations, establishes a pattern of illegal surveillance and stalking that preceded the unlawful stop:

1. Officers followed Plaintiff before initiating any contact
2. No criminal activity was observed - Plaintiff was legally resting in a parked vehicle3. Officers were "looking for reasons" to justify a stop rather than responding to actual violations
4. Photos were prepared in advance - proving pre-planned targeting
5. Backup called within 2 seconds - confirming surveillance and pre-planning

This surveillance-to-harassment pattern violates clearly established Fourth Amendment rights. In United States v. Jones, 565 U.S. 400 (2012), the Supreme Court emphasized that prolonged surveillance constitutes a search requiring constitutional justification. Here, officers admitted having "NOTHING" while conducting surveillance specifically to find pretextual stop reasons.

The targeting behavior establishes selective enforcement and harassment claims under both Fourth and Fourteenth Amendment theories. When officers follow citizens hoping to manufacture stop justifications, they violate clearly established constitutional rights.

Defendants' force analysis ignores the unlawful nature of the underlying stop. When the initial seizure lacks reasonable suspicion, any subsequent force becomes excessive per se. The CAD evidence proves:

- Vehicle blocked without justification (00:40:20)
- Weapons referenced without basis (00:42:40)
- 15-minute detention while officers admitted lacking cause
- Window broken and extraction for unlawful arrest

Page 6 of 10   *3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS   Document 47   Filed 06/23/25   Page 6 of 10

Under Graham v. Connor, 490 U.S. 386 (1989), force analysis requires considering the legitimacy of the underlying law enforcement purpose. Here, officers' own admissions prove no legitimate purpose existed.

E. Search Was Unlawful Due to Invalid Arrest

Defendants cite United States v. Robinson, 414 U.S. 218 (1973), but ignore that search-incidentto-arrest requires a lawful arrest. When the underlying stop lacks reasonable suspicion and the arrest is for an unconstitutional detention, no search authority exists.

The CAD records prove the arrest was for resisting an unlawful stop, not legitimate law enforcement. This invalidates any search justification. Moreover, the sexual humiliation of exposing Plaintiff's underwear by lifting her dress far exceeds any legitimate search authority and constitutes sexual assault under color of law.

Defendants' claim that signing the release was "standard practice" ignores the coercive circumstances and constitutional violations:

1. Plaintiff handcuffed - unable to freely consent
2. Unlawful arrest - coercion through illegal detention
3. Vehicle seizure threat - sign or lose transportation and all possessions
4. Knowledge of homelessness - officers knew vehicle was Plaintiff's home
5. Economic warfare - systematic vehicle seizures (5 total) designed to cause destitution

The coerced signature violates due process under the Fourteenth Amendment. When officers threaten further constitutional violations to obtain compliance, any resulting documents are invalid. Miranda v. Arizona, 384 U.S. 436 (1966) (coerced statements inadmissible).

Pattern of Economic Terrorism:
The systematic seizure of 5 vehicles establishes a deliberate campaign to cause homelessness and economic destruction. This violates:
- Substantive Due Process - shocking government conduct
- Equal Protection - selective enforcement designed to target specific individual
- Eighth Amendment - excessive punishment without conviction
- Municipal Liability - official policy of harassment through vehicle seizures

## VI. QUALIFIED IMMUNITY MUST BE DENIED

The CAD evidence defeats qualified immunity on multiple grounds:
A. Clearly Established Law

Page 7 of 10   *3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 7 of 10

The State of Alaska's finding that no crime occurred proves defendants violated clearly established Fourth Amendment rights. Officers cannot claim qualified immunity when arresting and using force against individuals committing no crimes.

Rodriguez v. United States clearly established that officers cannot extend traffic stops without reasonable suspicion. When the state prosecutor finds no crime occurred, this proves no reasonable suspicion ever existed. Every circuit has applied this principle strictly. Officers' admission of having "NOTHING" as justification violates obviously established Fourth Amendment rights.

B. Objective Evidence Contradicts Officer Claims

Recent Supreme Court precedent in Taylor v. Riojas, 141 S. Ct. 52 (2020), and Scott v. Harris, 550 U.S. 372 (2007), establishes that courts can deny immunity when objective evidence contradicts officer testimony. The CAD records provide precisely such objective evidence.

C. Pre-Planning Defeats Immunity Claims

The 2-second backup call and ready photographs prove pre-planning inconsistent with legitimate law enforcement. Courts consistently deny immunity when internal records expose premeditated constitutional violations.

**VII. MUNICIPAL LIABILITY UNDER MONELL**

The CAD records establish municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978):

A. Custom of Constitutional Violations

The sophisticated CAD system recording officers' admissions of lacking justification suggests official tolerance of constitutional violations. If officers routinely document lack of probable cause while proceeding with stops, this establishes municipal custom.

B. Pattern of Constitutional Violations

The CAD records establish not just individual violations, but a systematic campaign of harassment spanning multiple vehicle seizures:
1. 5 vehicles seized - proving deliberate economic destruction
2. Targeting of homeless individual - officers knew vehicle was Plaintiff's home
3. Escalating force pattern - from harassment to sexual assault to economic terrorism

Page 8 of 10   *3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS   Document 47   Filed 06/23/25   Page 8 of 10

4. Coordinated responses - multiple units for harassment purposes
5. Documentation of targeting - "15 more prior incidents" in CAD records

This pattern establishes municipal liability under Monell for maintaining an unofficial policy of harassment through vehicle seizures and constitutional violations.

The municipality's CAD system captures real-time evidence of constitutional violations but fails to prevent them. This establishes deliberate indifference to constitutional training needs under City of Canton v. Harris, 489 U.S. 378 (1989).

## VIII. FACTUAL DISPUTES PRECLUDE DISMISSAL

The contradictions between CAD records and defendants' motion create genuine factual disputes requiring denial of the motion:

- Excessive force - dragging through broken glass, sexual humiliation, weapons drawn on passenger
- Vehicle seizure pattern - 5th vehicle taken in systematic harassment campaign
- Coerced documents - forced signature while handcuffed and under threat
- Economic destruction - deliberate causation of homelessness through vehicle seizures

Under Twombly/Iqbal, these factual disputes must be resolved in plaintiff's favor at the motion to dismiss stage.

## IX. CONCLUSION

Defendants' motion to dismiss must be denied because the State of Alaska's dismissal stating no crime occurred combined with their own CAD records provide objective evidence of systematic constitutional violations. When the state prosecutor finds no crime occurred after reviewing all evidence, and officers admit in real-time they have "NOTHING" as justification while calling backup within two seconds of a stop, they document their own constitutional violations.

The state's finding that no crime occurred is dispositive evidence that defendants lacked any lawful authority for their actions. Every constitutional violation that followed – from unlawful detention to sexual assault to vehicle seizure – flows from this fundamental lack of legal justification.

Page 9 of 10    *3:23-cv-00164-SLG    Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS
Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 9 of 10

The Supreme Court's Rodriguez framework establishes the constitutional violation, the state dismissal proves no crime occurred, the CAD timeline proves the factual predicate, and recent precedents defeat any immunity claims. Federal civil rights law demands accountability when officers violate constitutional rights of innocent citizens committing no crimes.

WHEREFORE, Plaintiff respectfully requests this Court:

1. DENY Defendants' Motion to Dismiss in its entirety
2. DECLARE that the Alaska Court System's processing of traffic citations after state dismissal violated due process
3. ORDER that the following traffic citations be declared void ab initio:
- 3AN-23-03469M0 (Obscured/tinted/dirty license plates)
- 3AN-23-03470M0 (Driving without proof of insurance)
- 3AN-23-03471M0 (Failure to obey)
4. ALLOW this important civil rights case to proceed to discovery where the full scope of defendants' constitutional violations can be established
5. GRANT such other relief as the Court deems just and proper

Respectfully submitted,

_____  June 23, 2025
BRENDA L. BOUDREAU              Date
Pro Se Plaintiff
C/O Mark Blackford
10167 Nantucket Loop
Anchorage, AK 99507
(907) 312-3823
Bboudreau.legal@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, a true and correct copy of the foregoing was served upon all parties by electronic filing through the Court's ECF system.

Page 10 of 10   *3:23-cv-00164-SLG   Boudreau vs APD Officers   June 23, 2025*
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICERS

Case 3:23-cv-00164-MMS    Document 47    Filed 06/23/25    Page 10 of 10