

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| Brenda L. Boudreau, | |
| PLANTIFF PRO SE | |
| v. | Case No: 3:23-cv-00164 |
| DUSTIN BOYNTON, TYLER HALL, KADEN POHL, and MARVIN E.WEINRICK, JR., | |
| DEFENDANTS. | |

**SUR-REPLY TO DEFENDANTS OFFICERS' REPLY TO OPPOSITION TO MOTION TO DISMISS**

**TO THE HONORABLE COURT:**

Plaintiff Brenda Boudreau respectfully submits this Sur-Reply to expose the factual misrepresentations and legal errors in Defendants' Reply brief, which confirms rather than refutes the constitutional violations alleged.

### I. DEFENDANTS' ADMISSIONS CONFIRM EXCESSIVE FORCE

A. Defendants Admit Using Violent Force for No Crime

Defendants openly admit they:

- **Broke Plaintiff's vehicle window**
- **Physically extracted her through broken glass**
- **Handcuffed and searched her**
- **All for refusing to show ID when no crime was committed**

These admissions **destroy** their defense. Under Graham v. Connor, 490 U.S. 386 (1989), force must be proportional to:

1. **Severity of alleged crime**: Snow on license plates (if any violation at all)

2. **Immediate threat posed**: Plaintiff sitting peacefully in vehicle = ZERO threat 3. **Active resistance**: Passive non-compliance ≠ grounds for violent force

**No reasonable officer breaks windows and physically extracts someone for refusing ID when no crime occurred.**

B. Video Evidence Contradicts Defendants' Sanitized Account

Defendants conspicuously omit key facts proven by video evidence:

• **Sexual assault**: Lifting Plaintiff's dress to expose underwear in headlights •
**Officer's demeanor**: Smiling and enjoying the assault
• **Injuries**: Cuts and bruises from broken glass extraction
• **Dangerous conditions**: Alaska winter weather exposure

**These omissions are deliberate lies to cover up criminal conduct.**


## II. ALASKA IS NOT A STOP AND ID STATE - DEFENDANTS ARE WRONG

A. No Legal Requirement to Produce Physical ID

Defendants falsely claim Alaska requires drivers to produce physical identification during traffic stops. **This is legally incorrect.**

**Alaska law (AS 28.15.131) requires:**

• Driver to **HAVE** valid license in possession
• Driver to **PRESENT** license **upon lawful demand**

**Key legal distinction**: Providing name and information ≠ producing physical document.

**Plaintiff complied by giving her name.** No crime was committed by refusing to produce the physical license when:

1. **No legitimate traffic violation occurred**
2. **Snow on plates during snowstorm is universal condition**
3. **Stop was pretextual harassment**

B. Terry Stop Analysis Confirms No ID Requirement

Defendants misapply Terry v. Ohio. For Terry stop identification requirements:

- **Reasonable suspicion of criminal activity** required
- **Snow on license plates during snowstorm ≠ criminal activity**
- **Universal weather condition ≠ reasonable suspicion**

**Hiibel v. Sixth Judicial Court** (cited by Defendants) is distinguishable:

- Hiibel involved **criminal investigation**
- Here: **No crime committed or suspected**
- Hiibel was **outside vehicle under suspicious circumstances**
- Here: **Routine driving in normal weather conditions**

**Alaska Supreme Court** in multiple cases confirms Alaska is NOT a mandatory ID state for non criminal contacts.

## III. NO PROBABLE CAUSE FOR INITIAL STOP

A. Snow on Plates During Snowstorm is Not Violation

Defendants claim "obstructed plates" justified the stop. **This fails basic reasonableness:**

1. **Universal condition**: Every vehicle in Alaska has snow on plates during snowstorms
2. **Weather-related**: Active snowfall made constant cleaning impossible and dangerous
3. **Selective enforcement**: Others with identical conditions ignored
4. **Witness testimony**: Passenger Dustin confirms plates were readable

**Way v. State** (cited by Defendants) involved **bent metal plate** - not weather-related snow accumulation.

B. CAD Report Proves Pretextual Stop

**Critical admission by officer:** "I HAVE NOTHING OTHER THAN OBS PLATE"

This **real-time admission** proves:

- **Officer knew justification was weak**
- **"Nothing" = no legitimate law enforcement purpose**
- **Backup called within 2 seconds = pre-planned harassment**

**Defendants' parsing of "I have nothing" vs. full statement is irrelevant** - officer admitted

weak justification in real time.

## IV. SEXUAL ASSAULT UNDER COLOR OF LAW

A. Defendants Ignore Sexual Assault Entirely

**Conspicuous omission**: Defendants completely fail to address:

- **Lifting Plaintiff's dress** to expose underwear
- **Public humiliation** in police headlights
- **Officer's visible enjoyment** of sexual assault
- **While handcuffed and helpless**

**This deliberate omission confirms the indefensible nature of this criminal conduct.**

B. Sexual Assault Never Protected by Qualified Immunity

**Clearly established law**: Sexual assault under color of law violates:

- **Fourth Amendment** (unreasonable search)
- **Eighth Amendment** (cruel and unusual punishment)
- **Fourteenth Amendment** (substantive due process)

**No reasonable officer** believes exposing a handcuffed woman's underwear for personal gratification is legitimate law enforcement.

## V. PATTERN OF CONSTITUTIONAL VIOLATIONS AND CRIMINAL ENTERPRISE

A. Systematic Economic Destruction Through Vehicle Seizures

**RICO Pattern Established**:

- **Vehicle 1**: Seized → Lost employment
- **Vehicle 2**: Seized → Economic devastation
- **Vehicle 3** (this incident): Seized → Complete homelessness

This reveals criminal enterprise using color of law to:

- **Systematically destroy** Plaintiff's economic stability
- **Render homeless** through repeated seizures
- **Punish without trial** for exercising constitutional rights

B. Life-Threatening Endangerment

**Defendants' conduct created imminent danger:**

- **Left Plaintiff homeless** in Alaska winter (-20°F conditions)
- **Denied access** to survival necessities in vehicle
- **Forced reliance on charity** to avoid freezing death
    - **Systematic pattern** designed to destroy Plaintiff's ability to survive

**This exceeds excessive force - it constitutes attempted murder through exposure**


C. Municipal Liability Through Deliberate Indifference

**Monell claims established by:**

- **Three vehicle seizures** showing systematic policy
- **Economic destruction** as punishment tool
- **Deliberate indifference** to life-threatening consequences
- **Custom of cruel punishment** without due process

**No legitimate law enforcement purpose** justifies rendering citizens homeless for weather conditions.

D. This Incident: Culmination of Criminal Pattern

**February 19, 2023 incident represents:**

- **Escalation to sexual assault** in ongoing harassment
- **Third vehicle seizure** completing economic destruction
- **Life-threatening abandonment** in winter conditions
- **Proof of systematic targeting** beyond any law enforcement purpose

## VI. QUALIFIED IMMUNITY DENIED

A. Clearly Established Rights Violated

**Well-established law prohibits:**

- **Excessive force** for minor violations (Graham v. Connor)
- **Sexual assault** under any circumstances
- **Pretextual stops** without reasonable suspicion
- **Selective enforcement** based on personal animus

B. No Reasonable Officer Defense

**No reasonable officer** would believe:

- Breaking windows for ID refusal is appropriate
- Sexual assault is legitimate law enforcement
- Violent extraction for snow on plates is justified
- 37-minute escalation over weather condition is reasonable

## VII. DEVASTATING REAL-WORLD CONSEQUENCES OF DEFENDANTS' CRIMINAL CONDUCT

A. This Was the Third Vehicle Seizure - Part of Systematic Destruction

**Critical facts Defendants omit:**

- **This was Plaintiff's THIRD vehicle seizure** by Defendants
- **Plaintiff lived in this vehicle** with all possessions
- **Left homeless** with only clothes on back and purse
- **Denied access** to retrieve any personal belongings
- **Forced to beg for help** for hotel room in Alaska winter
- **Survived on charity** for one week to avoid freezing

B. Pattern of Economic Destruction Through Vehicle Seizures

**Systematic targeting resulted in:**

1. **First vehicle seizure**: Lost employment due to no transportation
2. **Second vehicle seizure**: Further economic devastation
3. **Third vehicle seizure** (this incident): Complete homelessness

**This reveals Defendants' true motive: Economic destruction and punishment without due process.**

C. Cruel and Unusual Punishment Without Conviction

**Eighth Amendment violation**: Defendants imposed punishment of:

- **Homelessness** in Alaska winter
- **Loss of all possessions**
- **Economic devastation**
- **Forced dependence on charity**

**All without trial, conviction, or due process of law.**

D. Substantive Due Process Violations

**Fourteenth Amendment**: No legitimate government interest justifies:

- **Rendering citizens homeless** for weather-related conditions
- **Seizing vehicles and possessions** without probable cause
- **Economic punishment** through systematic harassment
- **Cruel exposure** to life-threatening weather conditions

**This conduct "shocks the conscience" under any constitutional standard.**

## VIII. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

1. **DENY** Defendants' Motion to Dismiss in its entirety
2. **FIND** clearly established constitutional violations
3. **DENY** qualified immunity as matter of law
4. **ALLOW** case to proceed to discovery and trial
5. **AWARD** damages for:
    - Physical injuries from broken glass extraction
    - Sexual assault and public humiliation
    - PTSD and ongoing psychological trauma
    - **Loss of housing and homelessness**
    - **Loss of employment and economic devastation**
    - **Loss of all personal possessions**
    - **Hotel costs and survival expenses**
    - **Cruel and unusual punishment without conviction**
    - Violation of constitutional rights
    - **Substantial punitive damages** for systematic criminal enterprise

## CONCLUSION

Defendants' Reply brief **confirms rather than refutes** the constitutional violations alleged. Their admissions of violent force, combined with conspicuous omissions of sexual assault, establish liability as matter of law.

**Justice requires accountability** for criminal conduct under color of law. Procedural motions cannot shield sexual assault and excessive force from constitutional scrutiny.

**The evidence is clear. The law is settled. The violations are egregious.** This

Court should **deny the Motion to Dismiss** and allow Plaintiff her day in court.

Respectfully submitted,

_____          8-13-2025
Brenda L. Boudreau                 Dated
Pro Se Plaintiff
C/O Mark Blackford
10167 Nantucket Loop
Anchorage, AK 99507
(907) 312-3823
Bboudreau.legal@gmail.com


## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of August, 2025.

_____
Brenda L. Boudreau

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system, which automatically sends notice to all counsel of record, including:

- **Linda J. Johnson**
  Municipality of Anchorage
  632 W. 6th Avenue, Suite 730
  Anchorage, AK 99501
  Email: uslit@muni.org
- **Jason Anthony Thomas**
  Municipality of Anchorage, Dept. of Law, Civil
  PO Box 196650
  Anchorage, AK 99519
  Email: jason.thomas@anchorageak.gov
- **Joseph Forrest Busa**
  Municipality of Anchorage
  632 W. 6th Avenue, Suite 730
  Anchorage, AK 99501
  Email: joseph.busa@anchorageak.gov